Joseph A. Boyle, Esq.
Paul L. Kattas, Esq.
Jacob J. Miles, Esq.
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
(212) 808-7800
Attorneys for Plaintiff

FILED
APR 24 2006
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT**

**OF FEDERAL CLAIMS**

| | |
|---|---|
| The DIRECTV Group, Inc.<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | No. 06-311 T<br><br>**COMPLAINT** |

Plaintiff The DIRECTV Group, Inc., formerly known as Hughes Electronics Corporation, ("Plaintiff"), by and through its attorneys, Kelley Drye & Warren LLP, for its Complaint against defendant United States of America ("Defendant") alleges as follows:

1. Plaintiff brings this action under sections 6532 and 7422 of the United States Internal Revenue Code (the "Code") (26 U.S.C. §§ 6532 and 7422), for recovery of: (i) federal communications excise taxes Plaintiff paid to the Defendant with respect to the taxable quarters ended June 30, 2001 through June 30, 2005 and (ii) statutory interest on such overpayment of tax.

## THE PARTIES

2. Plaintiff is a corporation organized under the laws of the State of Delaware with its principal place of business located in El Segundo, California. Plaintiff's address is 2230 East Imperial Highway El Segundo, California 90245.

3. For purposes of reporting to the United States Internal Revenue Service (the "IRS"), Plaintiff's Employer Identification Number is 52-1106564, which is reflected on all returns and claims described below.

4. The defendant is the United States of America.

5. The actions complained of herein were taken by representatives of the Commissioner of Internal Revenue.

## JURISDICTION AND VENUE

6. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1346(a)(1).

7. Venue is proper pursuant to 28 U.S.C. § 1346(a)(1), which states that the district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected.

## RELIEF SOUGHT

8. Plaintiff seeks to recover an overpayment by Plaintiff of federal communication excise taxes, together with interest as provided by law.

9. Plaintiff paid the communication excise taxes at issue during the quarter ended June 30, 2001 through the quarter ended June 30, 2005.

10. During the quarters listed above, Plaintiff purchased intrastate, interstate, and international long distance telephone service and other communications services from various communications service providers ("Plaintiff's Services").

11. The communications service providers apparently classified the services sold to Plaintiff as taxable toll telephone service under sections 4251 and 4252(b) of the Code. Consequently, they collected federal communication excise taxes from Plaintiff, reported the taxes on IRS Forms 720 and remitted the taxes to the IRS.

12. Plaintiff timely filed claims for refund for the quarters ended June 30, 2001 through December 31, 2001 with the Internal Revenue Service Center in Cincinnati, Ohio. On April 21, 2005, Plaintiff timely filed a claim for refund for the quarter ended March 31, 2002 with the Internal Revenue Service Center in Cincinnati, Ohio. On June 29, 2005, Plaintiff timely filed claims for refund for the quarters ended June 30, 2002 through December 31, 2003 with the Internal Revenue Service Center in Cincinnati, Ohio. On June 29, 2005, Plaintiff also timely filed claims for refund for the quarters ended March 31, 2004 through March 31, 2005 with the Internal Revenue Service Center in Cincinnati, Ohio. On July 26, 2005, Plaintiff timely filed a claim for refund for the quarter ended June 30, 2005 with the Internal Revenue Service Center in Cincinnati, Ohio. True and correct copies of these claims for refund are attached hereto as Exhibit A. Plaintiff has reviewed its invoices and determined that it is entitled to a refund with respect to the services provided by its communications service providers.

13. The IRS has not allowed Plaintiff's claims for refund of federal communication excise taxes. More than six months have passed since the filing of the refund claims.

14. Section 4251(a) of the Code imposes tax on amounts paid for "communications services." The tax is imposed on the "person paying for such services." Code § 4251(a)(2).

15. Only those communications services described in section 4252(a), (b) and (c) of the Code are potentially subject to the federal communications excise tax imposed by section 4251 of the Code. Code § 4251(a) and (b).

16. None of Plaintiff's Services meets the definition of "local telephone service" or "teletypewriter exchange service." Code § 4252(a) and (c).

17. A service may be a "toll telephone service" for purposes of the federal communications excise tax only if it is described in either section 4252(b)(1) or section 4252(b)(2) of the Code.

18. Section 4252(b)(1) of the Code provides that the term "toll telephone service" means a "telephonic quality communication for which (A) there is a toll charge which varies in amount with the distance and elapsed transmission time of each individual communication and (B) the charge is paid within the United States."

19. The charges for Plaintiff's Services did not vary in amount with the distance of each individual communication.

20. Accordingly, none of Plaintiff's Services is described in section 4252(b)(1) of the Code.

21. Section 4252(b)(2) of the Code provides that the term "toll telephone service" includes "a service which entitles the subscriber, upon payment of a periodic charge (determined as a flat amount or upon the basis of total elapsed transmission time), to the privilege of an unlimited number of telephonic communications to or from all or a substantial portion of the persons having telephone or radio telephone stations in a specified area which is outside the local telephone system area in which the station provided with this service is located."

22. Plaintiff's Services did not entitle Plaintiff to an unlimited number of calls to a specified area outside a local telephone system area for a charge based on a flat fee or elapsed transmission time.

23. Accordingly, none of Plaintiff's Services is described in section 4252(b)(2) of the Code.

24. By reason of the foregoing, Plaintiff has overpaid its federal communications excise tax for the taxable quarter ended June 30, 2001 through the taxable quarter ended June 30, 2005. Defendant has refused to refund any part of the overpayment.

25. Plaintiff is the sole owner of this claim and has made no assignment or transfer of any part of this claim or any part thereof.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment in its favor and against the United States in an amount to be determined at trial, representing overpayment of tax, or such other amount as may be legally refundable, plus interest as provided by law, and for such other and further relief as the Court deems equitable and proper.

Dated: April 20, 2006

Respectfully submitted,

By: Paul L. Kattas

Jacob J. Miles, Esq.
Joseph A. Boyle, Esq.
Paul L. Kattas, Esq.
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
Attorneys for Plaintiff

Form **8849** (Rev. January 2003)

Department of the Treasury—Internal Revenue Service

# Claim for Refund of Excise Taxes

OMB No 1545-1420

Print clearly Leave a blank box between words

Name of claimant: D I R E C T V , I n c .

Employer identification number (EIN): 9 5 4 3 2 1 4 6 5

Address (number, street, room or suite no.): 2 2 3 0 E I m p e r i a l H w y .

Social security number (SSN):

City and state or province. If you have a foreign address, see page 2.: E l S e g u n d o , C A

ZIP code: 9 0 2 4 5

Foreign country, if applicable. Do not abbreviate.:

Month claimant's income tax year ends: 1 2

Daytime telephone number (optional): 3 1 0 9 6 4 4 8 5 8

**Caution:** *Do not use Form 8849 to make adjustments to liability reported on Forms 720 for prior quarters or to claim any amounts that were or will be claimed on Schedule C (Form 720), Claims, Form 4136, Credit for Federal Tax Paid on Fuels, Form 2290, Heavy Highway Vehicle Use Tax Return, or Form 730, Monthly Tax Return On Wagers*

## Schedules Attached

Check (✓) the appropriate box(es) for the schedule(s) you attach to Form 8849 Only attach the schedules on which you are claiming a refund Schedules 2, 3, 5, and section 4091(d) claims on Schedule 6 cannot be filed with any other schedules on Form 8849 File each of these schedules with a separate Form 8849.

| | | |
|---|---|---|
| Schedule 1 | Nontaxable Use of Fuels | ☐ |
| Schedule 2 | Sales by Registered Ultimate Vendors of Undyed Diesel Fuel and Undyed Kerosene | ☐ |
| Schedule 3 | Gasohol Blending | ☐ |
| Schedule 4 | Sales by Gasoline Wholesale Distributors | ☐ |
| Schedule 5 | Section 4081(e) Claims | ☐ |
| Schedule 6 | Other Claims | ☑ |

**Sign Here**

Under penalties of perjury, I declare (1) that I have examined this claim, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete, and (2) that amounts claimed on this form have not been, and will not be claimed on any other form

Signature and title (if applicable) Date

Robert J. Chicoine (POA)

Type or print your name below signature.

For Privacy Act and Paperwork Reduction Act Notice, see instructions. Cat No 20027J Form **8849** (Rev 1-2003)

Schedule 6 (Form 8849) (Rev. January 2003)

Department of the Treasury—Internal Revenue Service

# Other Claims

▶ Attach to Form 8849.

OMB No 1545-1420

| Name as shown on Form 8849 | EIN or SSN | Total refund (total of lines 1–5) |
|---|---|---|
| DIRECTV, Inc. | 95-4321465 | $ 46,749.02 |

Enter the earliest and latest dates of the events included in this claim Enter in MMDDYYYY format.

Earliest date ▶ 04012001 Latest date ▶ 06302001

Claimant's registration number for Section 4091(d) claims ▶ ____________

| | Tax | Amount of refund | | CRN |
|---|---|---|---|---|
| 1 | Telecommunications Excise Tax | $ 46,749 | 02 | |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |

Use the space below for an explanation of each tax claimed

For claims under section 6416(b)(2) relating to certain uses and resales of certain articles subject to manufacturers or retailers taxes, claimant certifies that it sold the article at a tax-excluded price, repaid the amount of tax to the ultimate vendor, or has obtained the written consent of the ultimate vendor to make the claim; and has the required supporting evidence

See the following attached:

1) Form 2848–Power of Attorney
2) Attachment to Form 8849
3) Spreadsheets of Excise Tax Paid
4) Substantiation of Claim

Any other substantiation will be provided upon request. The taxpayer requests that any Appeals be conducted in Seattle, Washington.

## Instructions

*Section references are to the Internal Revenue Code unless otherwise noted*

**Purpose of schedule.** Use Schedule 6 for claims not reportable on Schedules 1-5, including refunds of excise taxes reported on:

- Form 720, Quarterly Federal Excise Tax Return, including section 4091(d) claims;
- Form 2290, Heavy Highway Vehicle Use Tax Return;
- Form 730, Monthly Tax Return for Wagers; and
- Form 11-C, Occupational Tax and Registration Return for Wagering

**Caution:** *Do not use Schedule 6 to make adjustments to liability reported on Forms 720 filed for prior quarters Use Form 720X, Amended Quarterly Federal Excise Tax Return Also, do not use Schedule 6 to claim amounts that were taken or will be taken as a credit on Form 2290 or Form 730*

**Claim requirements.** Generally, a claim must be filed within 3 years of the filing of the return to which the claim relates, or 2 years from when the tax reported on that return was paid, whichever is later

**How to file.** Attach Schedule 6 to Form 8849 Mail it to the IRS at the address under Where To File in the Form 8849 instructions If you are filing a Section 4091(d) claim, write "Section 4091(d)" at the top of Form 8849 and on the envelope If you attach additional sheets, write your name and taxpayer identification number on each sheet

| Schedule 6 (Form 8849) (Rev. January 2003) | Department of the Treasury—Internal Revenue Service **Other Claims** ▶ Attach to Form 8849. | OMB No 1545-1420 |
|---|---|---|
| Name as shown on Form 8849 DIRECTV, Inc. | EIN or SSN 95-4321465 | Total refund (total of lines 1-5) $ 56,526.18 |

Enter the earliest and latest dates of the events included in this claim Enter in MMDDYYYY format

Earliest date ▶ 07012001 Latest date ▶ 09302001

Claimant's registration number for Section 4091(d) claims ▶ ____________

| Tax | Amount of refund | | CRN |
|---|---|---|---|
| 1 Telecommunications Excise Tax | $ 56,526 | 18 | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

Use the space below for an explanation of each tax claimed

*For claims under section 6416(b)(2) relating to certain uses and resales of certain articles subject to manufacturers or retailers* taxes, claimant certifies that it sold the article at a tax-excluded price, repaid the amount of tax to the ultimate vendor, or has obtained the written consent of the ultimate vendor to make the claim; and has the required supporting evidence.

**See the following attached:**

1) **Form 2848--Power of Attorney**
2) **Attachment to Form 8849**
3) **Spreadsheets of Excise Tax Paid**
4) ***Substantiation of Claim***

**Any other substantiation will be provided upon request. The taxpayer requests that any Appeals be conducted in Seattle, Washington.**

## Instructions

*Section references are to the Internal Revenue Code unless otherwise noted*

**Purpose of schedule.** Use Schedule 6 for claims not reportable on Schedules 1-5. Including refunds of excise taxes reported on:

- Form 720, Quarterly Federal Excise Tax Return, including *section 4091(d) claims;*
- Form 2290, Heavy Highway Vehicle Use Tax Return;
- Form 730, Monthly Tax Return for Wagers; and
- Form 11-C, Occupational Tax and Registration Return for Wagering

**Caution:** *Do not use Schedule 6 to make adjustments to liability reported on Forms 720 filed for prior quarters Use Form 720X, Amended Quarterly Federal Excise Tax Return. Also, do not use Schedule 6 to claim amounts that were taken or will be taken as a credit on Form 2290 or Form 730*

**Claim requirements.** Generally, a claim must be filed within 3 years of the filing of the return to which the claim relates, or 2 years from when the tax reported on that return was paid, whichever is later

**How to file.** Attach Schedule 6 to Form 8849 Mail it to the IRS at the address under Where To File in the Form 8849 Instructions. If you are filing a Section 4091(d) claim, write "Section 4091(d)" at the top of Form 8849 and on the envelope If you attach additional sheets, write your name and taxpayer identification number on each sheet

Schedule 6 (Form 8849) (Rev. January 2003)

Department of the Treasury—Internal Revenue Service

# Other Claims

▶ Attach to Form 8849.

OMB No 1545-1420

| Name as shown on Form 8849 | EIN or SSN | Total refund (total of lines 1-5) |
|---|---|---|
| DIRECTV, Inc. | 95-4321465 | $ 35,191.25 |

Enter the earliest and latest dates of the events included in this claim Enter in MMDDYYYY format

Earliest date ▶ 10012001 Latest date ▶ 12312001

Claimant's registration number for Section 4091(d) claims ▶ ____________

| | Tax | Amount of refund | | CRN |
|---|---|---|---|---|
| 1 | Telecommunications Excise Tax | $ 35,191 | 25 | |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |

Use the space below for an explanation of each tax claimed

For claims under section 6416(b)(2) relating to certain uses and resales of certain articles subject to manufacturers or retailers taxes, claimant certifies that it sold the article at a tax-excluded price, repaid the amount of tax to the ultimate vendor, or has obtained the written consent of the ultimate vendor to make the claim; and has the required supporting evidence

**See the following attached:**

**1) Form 2848--Power of Attorney**
**2) Attachment to Form 8849**
**3) Spreadsheets of Excise Tax Paid**
**4) Substantiation of Claim**

**Any other substantiation will be provided upon request. The taxpayer requests that any Appeals be conducted in Seattle, Washington.**

## Instructions

*Section references are to the Internal Revenue Code unless otherwise noted*

**Purpose of schedule.** Use Schedule 6 for claims not reportable on Schedules 1-5, including refunds of excise taxes reported on:

- Form 720, Quarterly Federal Excise Tax Return, including section 4091(d) claims;
- Form 2290, Heavy Highway Vehicle Use Tax Return;
- Form 730, Monthly Tax Return for Wagers; and
- Form 11-C, Occupational Tax and Registration Return for Wagering

**Caution:** *Do not use Schedule 6 to make adjustments to liability reported on Forms 720 filed for prior quarters. Use Form 720X, Amended Quarterly Federal Excise Tax Return. Also, do not use Schedule 6 to claim amounts that were taken or will be taken as a credit on Form 2290 or Form 730*

**Claim requirements.** Generally, a claim must be filed within 3 years of the filing of the return to which the claim relates, or 2 years from when the tax reported on that return was paid, whichever is later

**How to file.** Attach Schedule 6 to Form 8849 Mail it to the IRS at the address under Where To File in the Form 8849 instructions. If you are filing a Section 4091(d) claim, write "Section 4091(d)" at the top of Form 8849 and on the envelope If you attach additional sheets, write your name and taxpayer identification number on each sheet.

# ATTACHMENT TO FORM 8849
# CLAIM FOR REFUND OF EXCISE TAXES

## A. SUMMARY

The taxpayer, X, has paid a three percent federal excise tax on telephone communication services pursuant to Internal Revenue Code ("I.R.C.") §4251. The taxpayer claims a refund based on the fact that the service it receives, for which excise tax has been paid, does not fall within the definition of "toll telephone service" pursuant to I.R.C. §4252(b) or "local telephone service" pursuant to I.R.C. §4252(a) and is a "private communication network." In order to constitute a toll telephone service, the charge for such service must vary in amount with distance and time. The rates the taxpayer are charged are not based upon distance and time.

## B. FACTUAL BACKGROUND

The taxpayer, X, is a company that purchases long distance telecommunication services. Pursuant to Sections 4251 and 4252 of the I.R.C., a three percent federal excise tax has been paid on telephone calls placed by the taxpayer. In the rate agreements entered into with the telephone service providers; the taxpayer's charges for telephone calls do not vary with, and are not based upon, the distance between the origination and termination of the call. The services purchased by the taxpayer, do not entitle the taxpayer to an unlimited number of calls to a specified service area for which a charge was made based on a flat fee or elapsed transmission time. The services provide the taxpayer with telephone services to any location in the United States for which the taxpayer is charged an amount that varies based upon the time of each individual call. The taxpayer remitted taxes on such non-distance sensitive services and now files a claim for refund with the Internal Revenue Service (I.R.S.).

## C. LEGAL BACKGROUND

Section 4251(a) (1) of the I.R.C. imposes a three percent federal excise tax on amounts paid for certain communications services. Section 4251(a) (2) provides that the tax shall be paid by the person paying for taxable communications services. Section 4251(b) (1) of the I.R.C. provides that the term communications services means (A) local telephone service, (B) toll telephone service, and (C) teletypewriter exchange service.

Section 4252(a) of the I.R.C. defines "local telephone service" as (1) the access to a local telephone system, and the privilege of telephonic quality communication with substantially all persons having telephone or radio telephone stations constituting a part of such local telephone system, and (2) any facility or service provided in connection with such service. The term "local telephone service" does not include any service which is a "toll telephone service" or a "private communication service."

Section 4252(b) of the I.R.C. defines "toll telephone service" as (1) a telephonic quality communication for which (A) there is a toll charge which varies in amount with the distance and elapsed transmission time of each individual communication and (B) the charge is paid in the United States, and (2) a service which entitles the subscriber, upon payment of a periodic charge (determined as a flat amount or upon the basis of total transmission time), to the privilege of an unlimited number of telephonic communications to or from all or a substantial portion of the persons having telephone or radio telephone stations in a specified area which is outside the local telephone system area in which the station provided with the service is located.

Section 4252(b)(2) of the I.R.C. provides that the term "toll telegraph service" includes wide area telephone service, also known as "WATS." WATS is defined as service which entitles the subscriber, upon payment of a periodic charge (determined as a flat amount or upon the basis of total elapsed transmission time) to the privilege of an unlimited number of telephonic communications to or from all or a substantial portion of the persons having telephone or radio telephone stations in a specified area which is outside the local telephone system area in which the station provided with this service is located.

Section 4252(d) of the I.R.C. defines "private communication service" as (1) a service that entitles the subscriber to exclusive or priority use to any communications channel or group of channels, or the use of an intercommunications system for the subscriber's stations, regardless of whether such channel, groups of channels, or intercommunication system may be connected through switching with local or toll telephone service or teletypewriter exchange service, (2) switching capacity, extension lines, and stations, or other associated services which are provided in connection with, and are necessary or unique to the use of, channels or systems described in (1), and (3) the channel mileage that connects a telephone station located outside a local telephone system area with a central office in such telephone system. Private communication service does not include any communications service unless a separate charge is made for such service.

In *Rev. Rul. 79-404, 1979-2 C.B. 382,* the Service considered the applicability of section 4252(b)(1) to telephone messages that were relayed by an offshore radio telephone service by satellite between sites outside the United States and landline stations in the United States. The charge for the service varied only with elapsed transmission time. The ruling states that the legislative history of section 4252 indicates that prior to the amendment of section 4252 by section 302 of the Excise Tax Reduction Act of 1965, *1965-2 C.B. 568,* 577-578, "toll telephone service" was defined, in part, as a telephone or radio telephone message or conversation for which (1) there was a toll charge, and (2) the charge is paid within the United States, was taxed, and that in amending section 4252, Congress intended to exempt certain private communication services from the tax and repeal the tax on telegraph service and wire and equipment

service, but that there was no indication that Congress otherwise intended to make changes in the types of service subject to tax. Accordingly, the ruling holds that the service is toll telephone service notwithstanding that the charge for the service did not vary by distance. Thus, amounts paid for the service in the United States were subject to tax. This ruling is contrary to the language of the statute and the legislative history which requires that the excise tax apply only to toll telephone service whose rates are based on both duration and distance.

In *Rev. Rul. 79-405, 1977-2 C.B. 383,* the Service considered the applicability of the section 4251 tax to three types of long-distance service, each of which provided customized service among 15 cities. The carrier owned a network of microwave towers and terminals in each of the 15 cities.

In Service (1), the carrier provided a customer having business locations in two cities with an exclusive, private communication channel between those two locations. The service was provided by means of a microwave channel that was dedicated to the customer's exclusive use. In each city the customer's location was connected to the carrier's terminal by means of a wire connection the carrier leased from the local telephone company. In each city the line could be connected either to the customer's switchboard or individual telephone. When a customer's station in one city was connected to a telephone in a second city, the customer could only get access to that second telephone. However, when the customer's telephone located in the first city was connected with a switchboard in the second city, the calling party could be interconnected into the local telephone system of the second city. The customer paid a flat monthly rate for the service, and the carrier paid the local telephone company for the local wire connections between the carrier's terminals and the customer's telephone stations.

The ruling holds that when Service (1) connects two individual telephones in different cities that it does not come within the definition of local telephone service as the service does not provide local telephone service. However, the ruling holds that when Service (1) is used to connect with a switchboard in a second city, the customer is provided with local telephone service, but that since Service (1) consists of a private line that joins two stations belonging to a single customer, the service provides the customer with the use of an intercommunication system within the meaning of section 4252(d)(1)(B), and, as private communication service, is excluded from the definition of local telephone service because of the private communication service exception provided in section 4252(a). The ruling further holds that Service (1) is not within the scope of section 4252(b)(1) because the charge for the service is a flat monthly rate that does not vary with the elapsed transmission time of each call, and is not within the scope of section 4252(b)(2) because the service does not by itself provide the customer with the privilege of an unlimited number of telephonic communications to or from a substantial portion of the persons having telephone stations in a specified area that is outside the local telephone system area in which the customer's station is located. /2/

In Service (2), the carrier provided a customer that had stations in each of two cities with a direct connection between those stations using the carrier's facilities. However, the customer did not have a channel dedicated to its exclusive use, but instead shared a group of channels with all of the carrier's customers using the service in each of the two cities, access to which was provided on a "first come first served" basis. When a telephone was picked up in the first city, the calling party was automatically connected with the customer's telephone receiver in the second city, provided that one of the microwave channels was open. Because Service (2) only connected with a telephone, not a switchboard, the customer in one city only obtained access to its station in the second city, and not access to other telephone stations within the local telephone system in that city. The charge to the customer varied with the customer's time of usage, but a minimum usage charge applied against which calls were credited. The ruling holds that the service is not local telephone service because it does not provide a customer with access to a local telephone system. It further holds that because the distance of each individual communication using the service did not vary because the service only connected a customer's stations located in the two cities, the service did not vary in amount with the distance of each individual communication as is required by section 4252(b)(1). The ruling further holds that as the service did not provide the customer's stations with telephonic communications to or from all or a substantial portion of the telephones stations in an area outside the local calling area of the customer's station, it is not described in section 4252(b)(2).

In Service (3), the carrier provided a customer with long distance access between the cities served by the provider. The customer, upon dialing a local access number would hear a dial tone and could then dial a long distance number using the long distance provider's microwave channels. The customer would pay the local telephone company for the local call in the sending city to gain access to the long distance provider's facilities, and paid the carrier a monthly access charge, plus a charge that varies with the length, distance, and number of calls made. A minimum usage charge applied against which calls were credited. The ruling holds that the service is toll telephone service within the meaning of section 4252(b) (1) because the service is a long distance service for which the charge varies with the distance and time of each individual communication.

## D. LEGAL ANALYSIS

The taxpayer argues that the telephone services provided to it are not taxable for several reasons. First, the services provided to the taxpayer are not subject to the three percent federal excise tax because they are not "toll telephone service" as that phrase is defined in Section 4252(b) of the code as they are not subject to a toll charge that varies with time and distance.

Under Section 4252(b)(1) of the I.R.C., a service is a "toll telephone service" is there is a toll charge that caries in amount based upon the distance and elapsed transmission time of each individual communication. The charges for the services provided to the taxpayer do not vary with the distance of each individual communication. In fact, none of the pricing for the services to the taxpayer varies based upon the distance between the originating and terminating points of a call. To the contrary, all of the services to the taxpayer are billed at per-minute, "postalized" rates that do not vary with distance.

Second, the services provided to the taxpayer are not "toll telephone service" under Section 4252(b)(2) because they are not flat rated for unlimited usage over a set period of time. Section 4252(b)(2) provides that a service is a "toll telephone service" if the customer pays "a periodic charge (determined as a flat amount or upon the basis of total elapsed transmission time) for the privilege of making an unlimited number of calls to or from a specified area that is outside the local telephone system in which the stations used to make the calls are located." The legislative history of Section 4252(b)(2) makes it clear that Congress was seeking to bring within the scope of the excise tax a service then known as WATS (wide area telephone service), which the legislative history described as "a long-distance service whereby, for a flat charge, the subscriber is entitled to make unlimited calls (sometimes limited to the maximum number of hours. *See* H.Rep. No. 89-433, at 35; S.Rep. No. 89-324, at 30.

The services provided to the taxpayer so not fall within Section 4252(b)(2). First, the sersvies provided to the taxpayer do not permit it to make "unlimited calls" for a "flat amount" or "periodic" charge. Instead, the duration of each call that the taxpayer makes is measured, and the taxpayer pays an amount for each call that is equal to the duration of the call multiplied by the rate. "Periodic" means "having periods or repeated cycles," or "occurring or appearing at regular intervals." *See* Webster's II New Riverside University Dictionary (1988). Unless a customer uses exactly the same number of minutes of service each month, its long distance charges will not be a "flat amount." Similarly, while bills may arrive monthly, unless the taxpayer uses the same number of minutes each month, the charges will neither have "repeated cycles," nor appear a t "regular intervals." Whereas a WATS service would permit the taxpayer to make an unlimited number of calls for a fixed, agreed-upon total amount, the services provided to the taxpayer permit the taxpayer to make calls at an agreed rate at a cost that varies and is ultimately determined by the duration of the call and the number of calls.

Services to the taxpayer do not permit or require the taxpayer to select a specific geographical area within which (or to which) all calls are subject to the payment of a flat charge. Rather, all calls by the taxpayer are charged based upon the duration of the call and the agreed upon, postalized rate, without regard to the geographical origination, destination, or distance of the call. In Technical Advice Memorandum 2002-27-008, ¶9, the IRS acknowledged that Section 4252(b)(2), "is intended [by

Congress] to describe service commonly known as wide area telephone service or WATS" and analogized WATS "to traditional local telephone service wherein the subscriber pays a fixed monthly rate for an unlimited number of calls and the charge does not vary according to the length, destination, or number of calls." This clearly is not like the services to the taxpayer which are billed on a per minute, per call basis.

Third, the calls of the taxpayer between office locations are part of private communication service and exempt from taxation under section 4251. The taxpayer argues that section 4252 defines four services, local telephone service, toll telephone service, teletypewriter exchange service, and private communication service, and that section 4251 provides that only the first three of these services are taxed. Accordingly, the taxpayer argues that if services provided to them falls within the definition of private communication service provided in section 4252(d), it is exempt from taxation under section 4251, even if the service is also described in section 4252(b) as toll telephone service.

In support of its argument that the services provided to the taxpayer are described in section 4252(d) the taxpayer emphasizes that a virtual private network is the technological successor to a PBX, and that characteristics set out in the facts above make a virtual private network a private communication service that gives subscribers priority use to several channels, and the use of an intercommunication system for its stations. In support of its argument that toll telephone service that is described in section 4252(d) is exempt notwithstanding that it is also described in section 4252(b), the taxpayer emphasizes that the holding in Services (1) and (2) in *Rev. Rul. 79-405* exempted from taxation personalized, private communication service that was long distance telephone service, and that virtual private networks are the technological successors to the microwave systems found to be exempt in Rev. Rul. 79-405.

The taxpayer states that when it calls from its offices in one state to an on-net telephone station in another state (i.e., between two offices on the taxpayer's network) that the call is private communication service because the taxpayer is using an intercommunication system among its stations. Moreover, the taxpayer states that when it calls from its offices in one state to an off-net telephone station in another state (i.e., to a number other than that of one of the taxpayer's other offices) that the call is private communication service because the software architecture and the feature-rich routing make the call separate and distinct from regular toll telephone service and are thus a priority use. In this respect, the taxpayer argues that section 4252(a) references private communication service to make explicit that private communication service is not taxable as local telephone, but that section 4252(b) does not provide an exclusion for private communication service because at the time the communications excise laws were enacted, private communication service was limited to local areas, but that Section 4252(d) contemplates an interrelationship between private communication service and toll telephone service.

**[HUGHES ELECTRONICS LETTERHEAD]**

Internal Revenue Service
Cincinnati, Ohio 45999-0002

April 21, 2005

Re: Hughes Electronics Corporation & Subsidiaries
EIN: 52-1106564
Tax Year: 2002
Period of Claim: 1st Quarter

Dear Sir or Madam:

Enclosed is Form 8849 (Claim for Refund of Excise Taxes) with Attachment. As discussed in the Attachment to Form 8849, we respectfully request a refund for communications excise taxes collected from Hughes Electronics Corporation & Subsidiaries (See attached Addendum) pursuant to Section 4251 of the Internal Revenue Code.

If you need additional information or have any questions, please contact Brian Paperny at (310) 964-0737. Thank you for your assistance in this matter.

Kindly acknowledge receipt of the enclosed by affixing your date stamp to the attached copy of this letter and returning it in the self-addressed envelope provided.

Sincerely,

Brian R. Paperny
Vice President, Taxes
Hughes Electronics Corporation

Enclosures

cc: ✓George Famalett, PricewaterhouseCoopers (with enclosures)
Todd Kelly, PricewaterhouseCoopers (with enclosures)

05/02/2005 15:56 FAX 408 817 5833 PwC TLS 002

Form 8849 (Rev. February 2005)

Department of the Treasury—Internal Revenue Service

# Claim for Refund of Excise Taxes

OMB No. 1545-1420

Print clearly. Leave a blank box between words.

Name of claimant: HUGHES ELECTRONICS CORPORATION & SUBSIDIARIES

Employer identification number (EIN): 52-1106564

Address (number, street, room or suite no.): 2250 EAST IMPERIAL HIGHWAY

Social security number (SSN):

City and state or province. If you have a foreign address, see page 2.: EL SEGUNDO, CA

ZIP code: 90245

Foreign country, if applicable. Do not abbreviate.:

Month claimant's income tax year ends: 12

Daytime telephone number (optional): (310) 964-0737

**Caution:** *Do not use Form 8849 to make adjustments to liability reported on Forms 720 for prior quarters or to claim any amounts that were or will be claimed on Schedule C (Form 720), Claims, Form 4136, Credit for Federal Tax Paid on Fuels, Form 2290, Heavy Highway Vehicle Use Tax Return, or Form 730, Monthly Tax Return for Wagers.*

## Schedules Attached

Check (✓) the appropriate box(es) for the schedule(s) you attach to Form 8849. Only attach the schedules on which you are claiming a refund. Schedules 2, 3, and 5 cannot be filed with any other schedules on Form 8849. File each of these schedules with a separate Form 8849.

| | | |
|---|---|---|
| Schedule 1 | Nontaxable Use of Fuels | ☐ |
| Schedule 2 | Sales by Registered Ultimate Vendors | ☐ |
| Schedule 3 | Alcohol Fuel Mixtures and Biodiesel Mixtures | ☐ |
| Schedule 5 | Section 4081(e) Claims | ☐ |
| Schedule 6 | Other Claims | ☒ |

**Sign Here**

Under penalties of perjury, I declare (1) that I have examined this claim, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete, and (2) that amounts claimed on this form have not been, and will not be, claimed on any other form.

[signature] V.P., Taxes — Signature and title (if applicable)

4/26/05 — Date

Brian Paperny — Type or print your name below signature.

For Privacy Act and Paperwork Reduction Act Notice, see instructions. Form 8849 (Rev. 2-2005)

ISA STF FED8849F

05/02/2005 15:56 FAX 408 817 5833 PwC TLS ☑003

Schedule 6 (Form 8849) (Rev. February 2005) Department of the Treasury Internal Revenue Service

# Other Claims

▶ Attach to Form 8849.

OMB No. 1545-1420

| Name as shown on Form 8849 | EIN or SSN | Total refund (total of lines 1–5) |
|---|---|---|
| HUGHES ELECTRONICS CORP. & SUBSIDIARIES | 52-1106564 | $ 500,000 + INT |

Enter the earliest and latest dates of the events included in this claim. Enter in MMDDYYYY format.

Earliest date ▶ 01/01/2002 Latest date ▶ 03/31/2002

| Tax | Amount of refund | CRN |
|---|---|---|
| 1 COMMUNICATIONS EXCISE TAX REFUND CLAIM | $ 500,000 + INT | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

Use the space below for an explanation of each tax claimed.

For claims under section 6416(b)(2) relating to certain uses and resales of certain articles subject to manufacturers or retailers taxes, claimant certifies that it sold the article at a tax-excluded price, repaid the amount of tax to the ultimate vendor, or has obtained the written consent of the ultimate vendor to make the claim; and has the required supporting evidence.

THIS IS A REFUND CLAIM FOR COMMUNICATION EXCISE TAX PAID FOR THE 1ST QUARTER OF 2002. THIS CLAIM IS FOR 500,000, PLUS INTEREST. HUGHES ELECTRONICS CORPORATION & SUBSIDIARIES RESERVES THE RIGHT TO AMEND THE AMOUNT OF THIS CLAIM.

## Instructions

*Section references are to the Internal Revenue Code unless otherwise noted.*

**Purpose of schedule.** Use Schedule 6 for claims not reportable on Schedules 1–3 and 5, including refunds of excise taxes reported on:

- Form 720, Quarterly Federal Excise Tax Return;
- Form 2290, Heavy Highway Vehicle Use Tax Return;
- Form 730, Monthly Tax Return for Wagers; and
- Form 11-C, Occupational Tax and Registration Return for Wagering.

**Caution:** *Do not use Schedule 6 to make adjustments to liability reported on Forms 720 filed for prior quarters. Use Form 720X, Amended Quarterly Federal Excise Tax Return. Also, do not use Schedule 6 to claim amounts that were taken or will be taken as a credit on Form 2290 or Form 730.*

**Claim requirements.** Generally, a claim must be filed within 3 years of the filing of the return to which the claim relates, or 2 years from when the tax reported on that return was paid, whichever is later.

**How to file.** Attach Schedule 6 to Form 8849. Mail it to the IRS at the address under *Where To File* in the Form 8849 instructions. If you attach additional sheets, write your name and taxpayer identification number on each sheet.

For Privacy Act and Paperwork Reduction Act Notice, see Form 8849 instructions. Schedule 6 (Form 8849) (Rev. 2-2005)

ISA
STF FED8467F.1

## Form 720

A claim relating to the taxes listed below may be made. See Pub. 510, Excise Taxes for 2005, for information on allowable claims relating to these taxes. The following information must be attached to the claim.

1. A detailed description of the claim.
2. Any additional information required by the regulations.
3. The amount of the claim. If the claim is for more than one quarter, list the claim amounts by quarter.
4. How you figured the claim amount.
5. Any other information you believe will support the claim.

| Tax | CRN |
|---|---|
| Ozone-depleting chemicals | 398 |
| Truck, trailer, and semitrailer chassis and bodies, and tractors | 383 |
| Passenger vehicles (luxury tax) | 392 |
| Highway-type tires | 366 |
| Gas guzzler automobiles | 340 |
| Vaccines | 397 |
| Sport fishing equipment | 341 |
| Fishing tackle boxes | 387 |
| Electric outboard motors | 342 |
| Bows, quivers, broadheads; and points after March 31, 2005 | 344 |
| Arrow components, expires after March 31, 2005 | 370 |
| Arrow shafts, effective April 1, 2005 | 389 |

## Form 2290, CRN 365

A claim for refund may be made for the following:

• An overpayment of tax due to a mistake in tax liability previously reported on Form 2290.

**Claimant.** The claim is made by the person that paid the tax to the government.

• A pro rata refund of the tax paid on Form 2290 for a vehicle that was destroyed or stolen before June 1 of any period (July 1–June 30) and subsequently not used during the period. To make a claim for a vehicle that was destroyed or stolen, the following information must be attached to Schedule 6:

1. The vehicle identification number (VIN).
2. Whether the vehicle was destroyed or stolen.
3. Date of the accident or theft.
4. Computation of the refund amount. See the line 4 instructions for Form 2290.

**Claimant.** The claim is made by the person in whose name the vehicle is registered at the time it was destroyed or stolen.

• Any vehicle on which the tax was paid on Form 2290 if the vehicle was used 5,000 miles or less on public highways (7,500 or less for agricultural vehicles) during the period (July 1–June 30). The mileage limitation applies to the total mileage a vehicle is driven during a period regardless of the number of owners of the vehicle. A claim for this mileage refund cannot be filed until after June 30 of the period.

**Claimant.** The claim is made by the person that paid the tax to the government.

## Form 730, CRN 368

A claim for refund may be made for the following:

• An overpayment of tax. The claim is not allowed unless a statement of the facts is attached that includes the following information.

1. An explanation of the reason for claiming a refund.
2. The date of payment and the amount of the tax.
3. Whether any previous claim covering the amount involved, or any part, has been filed.
4. A statement that you:

a. Have not collected (whether as a separate charge or otherwise) the amount of the tax from the person that placed the wager on which the tax was imposed, or

b. Have repaid the amount of the tax to the person that placed the wager, or

c. Have the written consent of the person that placed the wager to the making of the refund (the consent must be attached to the claim).

5. If the overpayment relates to a laid-off wager accepted by you, one of the above three statements must be attached for both the person that placed the laid-off wager and the person that placed the original wager.

**Claimant.** The claim is made by the person that paid the tax to the government.

• Credit for wagers laid off by you. If you accept a wager and lay off all or part of the wager with a person who is liable for the tax and have paid the tax, a claim may be allowed for the tax paid on the laid off amount. No claim is allowed unless the following information is attached to Schedule 6:

1. The certificate described in Regulations section 44.6419-2(d).
2. A statement that includes: (a) the reason for the refund, (b) the month in which the tax was paid, (c) the date of payment, and (d) whether any previous claim covering the amount involved, or any part, has been filed.

**Claimant.** The claim is made by the person that paid the tax to the government.

## Form 11-C, CRN 367

A claim for refund may be made for overpayment of tax due to a mistake in tax liability previously reported on Form 11-C.

**Claimant.** The claim is made by the person that paid the tax to the government.

Addendum: Hughes Electronics Corporation & Subsidiaries

| | | |
|---|---|---|
| 1 | Hughes Electronics Corporation | 52-1106564 |
| 2 | Aspen Internet Systems, Inc. | 94-3260802 |
| 3 | DirecTV, Inc. | 95-4321465 |
| 4 | DirecTV Customer Services, Inc. | 95-4738537 |
| 5 | DirecTV Enterprises, Inc. | 95-4511942 |
| 6 | DirecTV Global, Inc. | 95-4848120 |
| 7 | DirecTV Global Digital Media, Inc. | 03-0396465 |
| 8 | DirecTV International, Inc. | 95-4575654 |
| 9 | DTVI One, Inc. | 95-4685270 |
| 10 | DTVI Two, Inc. | 95-4685273 |
| 11 | DTVJ Holdings, Inc. | 95-4797956 |
| 12 | DirecTV Latin America Holdings, Inc. | 95-4517062 |
| 13 | DirecTV Merchandising, Inc. | 95-4523782 |
| 14 | DirecTV Operations, Inc. | 95-4511940 |
| 15 | Hughes Avicom International, Inc. | 95-3636288 |
| 16 | Hughes Communications Galaxy, Inc. | 95-3456497 |
| 17 | Hughes Communications, Inc. | 95-3884435 |
| 18 | Hughes Commun Satellite Services, Inc. | 95-3881942 |
| 19 | Hughes Electornics International Corporation | 95-4653543 |
| 20 | Hughes Electronics Realty, Inc. | 95-4614412 |
| 21 | Hughes Electronics Systems International | 95-4653548 |
| 22 | Hughes Global Services, Inc. | 95-4659709 |
| 23 | Hughes Investment Management Company | 95-3947944 |
| 24 | Hughes Network Systems, Inc. | 52-2358833 |
| 25 | HNS - Clairtel GP, Inc. | 52-1720111 |
| 26 | HNS - India, Inc. | 52-1755636 |
| 27 | Hughes Network Systems, Int'l Service Co | 52-1691571 |
| 28 | HNS India VSAT, Inc. | 52-1755631 |
| 29 | HNS - Shanghai, Inc. | 52-1720113 |
| 30 | Hughes Telecommunications & Space Company | 95-4549613 |
| 31 | PDO Communications, Inc. | 77-0474477 |
| 32 | DirecTV Broadband, Inc. | 77-0467929 |
| 33 | USSB II, Inc. | 41-1772351 |
| 34 | NBT/36, Inc. | 06-1586835 |
| 35 | Panamsat Corporation | 95-4607698 |
| 36 | Panamsat Asia Carrier Services, Inc. | 06-1532021 |
| 37 | Panamsat Capital Corporation | 06-1371155 |
| 38 | Panamsat Communications Japan, Inc. | 95-3976181 |
| 39 | Panamsat Carrier Services, Inc. | 16-1377869 |
| 40 | Panamsat Communications Service, Inc. | 95-3270893 |
| 41 | Panamsat International Employment, Inc. | 06-1475361 |
| 42 | Panamsat International Holdings, Inc. | NONE |
| 43 | Panamsat India, Inc. | NONE |
| 44 | Panamsat International Systems, Inc. | 06-1407851 |
| 45 | Panamsat Licensee Corporation | 06-1369810 |
| 46 | Panamsat Marketing Corporation | APPLIED FOR |
| 47 | Panamsat International Sales, Inc. | 16-1532018 |
| 48 | Panamsat Communications Carrier Services, Inc. | NONE |
| 49 | Service and Equipment Corporation | 06-1614545 |
| 50 | Southern Satellite Corporation | 06-1396534 |
| 51 | Southern Satellite Licensee Corporation | NONE |
| 52 | USHI, INC. | 95-4130816 |

Form 8849 Attachment

Name of Claimant: Hughes Electronics Corporation & Subsidiaries (See Addendum)
Employer Identification Number: 52-1106564
Type of Return Filed: 720
Excise Tax: Communications Excise Tax
Period of Claim: 1st Quarter
Income Tax Year: 2002
Amount to be Refunded: $500,000, plus interest

This claim is for communication excise taxes collected from Hughes Electronics Corporation & Subsidiaries ("Hughes Electronics"), whether directly or through telecommunication service providers, including, but not limited to, AT&T, MCI and Sprint ("the Service Providers"). This claim is also made for interest on the taxes paid.

The Service Providers have collected excise taxes from Hughes Electronics on its communication services pursuant to Section 4251 of the Internal Revenue Code. Hughes Electronics believes the services are exempt from tax to the extent:

(1) the services constitute Private Communication Services;
(2) the fees for the services do not vary in amount with the time and distance of each individual communication;
(3) the services are for data and not voice quality communication; or
(4) the fees for the services are not paid within the United States.

Detailed information with respect to Hughes Electronics' position will be made available upon request.

The Communication Service Excise Tax is a collected tax. This claim is filed pursuant to Rev. Rul. 60-58, 1960-1 CB 638. Please note this claim for refund does not follow the IRS's publicly stated positions set forth in Technical Advice Memoranda 9543002 and 9524004. Hughes Electronics believes that these authorities do not accurately apply the statutory rules to its purchased communications services.

**Hughes Electronics reserves the right to amend the amount of this claim.**

BRIAN R. PAPERNY
Vice President, Taxes

THEDIRECTVGROUP

CERTIFIED MAIL, RETURN RECEIPT REQUESTED
ARTICLE NO. ____________________

Internal Revenue Service
Cincinnati, Ohio 45999-0002

June 29, 2005

Re: Hughes Electronics Corporation & Subsidiaries
EIN: 52-1106564
Tax Year: 2002, 2003
Period of Claim: 2nd Quarter 2002 through the 4th Quarter 2003

Dear Sir or Madam:

Enclosed is Form 8849 (Claim for Refund of Excise Taxes) with Attachment. As discussed in the Attachment to Form 8849, we respectfully request a refund for communications excise taxes collected from Hughes Electronics Corporation & Subsidiaries (See attached Addendum) pursuant to Section 4251 of the Internal Revenue Code.

If you need additional information or have any questions, please contact Brian Paperny at (310) 964-0737. Thank you for your assistance in this matter.

Kindly acknowledge receipt of the enclosed by affixing your date stamp to the attached copy of this letter and returning it in the self-addressed envelope provided.

Sincerely,

Brian R. Paperny

Enclosures

cc: George Famalett , PricewaterhouseCoopers (with enclosures)
√ Todd Kelly, PricewaterhouseCoopers (with enclosures)

P.O. Box 956 2250 East Imperial Hwy El Segundo, CA 90245-0956 Phone: (310) 964-0737 Fax: (310) 964-0887 brian.paperny@directv.com

Form **8849** (Rev. February 2005)

Department of the Treasury—Internal Revenue Service

# Claim for Refund of Excise Taxes

OMB No. 1545-1420

Print clearly. Leave a blank box between words.

Name of claimant: HUGHES ELECTRONICS CORPORATION & SUBSIDIARIES

Employer identification number (EIN): 52-1106564

Address (number, street, room or suite no.): 2250 EAST IMPERIAL HIGHWAY

Social security number (SSN):

City and state or province. If you have a foreign address, see page 2.: EL SEGUNDO, CA

ZIP code: 90245

Foreign country, if applicable. Do not abbreviate.:

Month claimant's income tax year ends: 12

Daytime telephone number (optional): (310) 964-0737

**Caution:** *Do not use Form 8849 to make adjustments to liability reported on Forms 720 for prior quarters or to claim any amounts that were or will be claimed on Schedule C (Form 720), Claims, Form 4136, Credit for Federal Tax Paid on Fuels, Form 2290, Heavy Highway Vehicle Use Tax Return, or Form 730, Monthly Tax Return for Wagers.*

## Schedules Attached

Check (✓) the appropriate box(es) for the schedule(s) you attach to Form 8849. Only attach the schedules on which you are claiming a refund. Schedules 2, 3, and 5 cannot be filed with any other schedules on Form 8849. File each of these schedules with a separate Form 8849.

| | | |
|---|---|---|
| **Schedule 1** | Nontaxable Use of Fuels | ☐ |
| **Schedule 2** | Sales by Registered Ultimate Vendors | ☐ |
| **Schedule 3** | Alcohol Fuel Mixtures and Biodiesel Mixtures | ☐ |
| **Schedule 5** | Section 4081(e) Claims | ☐ |
| **Schedule 6** | Other Claims | ☒ |

**Sign Here**

Under penalties of perjury, I declare (1) that I have examined this claim, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete, and (2) that amounts claimed on this form have not been, and will not be, claimed on any other form.

[signature] V.P., Taxes — 6/29/05

Signature and title (if applicable) — Date

Brian Paperny

Type or print your name below signature.

For Privacy Act and Paperwork Reduction Act Notice, see instructions. Form 8849 (Rev. 2-2005)

ISA
STF FED8849F

**Schedule 6 (Form 8849)**
(Rev. February 2005)
Department of the Treasury
Internal Revenue Service

# Other Claims

▶ Attach to Form 8849.

OMB No. 1545-1420

Name as shown on Form 8849: HUGHES ELECTRONICS CORP. & SUBSIDIARIES
EIN or SSN: 52-1106564
Total refund (total of lines 1–5): $ 2,625,000 + INT

Enter the earliest and latest dates of the events included in this claim. Enter in MMDDYYYY format.

Earliest date ▶ 04/01/2002 Latest date ▶ 12/31/2003

| Tax | Amount of refund | CRN |
|---|---|---|
| 1 COMMUNICATIONS EXCISE TAX REFUND CLAIM | $ 2,625,000 + INT | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

Use the space below for an explanation of each tax claimed.

For claims under section 6416(b)(2) relating to certain uses and resales of certain articles subject to manufacturers or retailers taxes, claimant certifies that it sold the article at a tax-excluded price, repaid the amount of tax to the ultimate vendor, or has obtained the written consent of the ultimate vendor to make the claim; and has the required supporting evidence.

THIS IS A REFUND CLAIM FOR COMMUNICATION EXCISE TAX PAID FOR THE 2ND QUARTER OF 2002 THROUGH THE 4TH QUARTER 2003. THIS CLAIM IS FOR $2,625,000, PLUS INTEREST. HUGHES ELECTRONICS CORPORATION & SUBSIDIARIES RESERVES THE RIGHT TO AMEND THE AMOUNT OF THIS CLAIM.

## Instructions

*Section references are to the Internal Revenue Code unless otherwise noted.*

**Purpose of schedule.** Use Schedule 6 for claims not reportable on Schedules 1–3 and 5, including refunds of excise taxes reported on:

- Form 720, Quarterly Federal Excise Tax Return;
- Form 2290, Heavy Highway Vehicle Use Tax Return;
- Form 730, Monthly Tax Return for Wagers; and
- Form 11-C, Occupational Tax and Registration Return for Wagering.

**Caution:** *Do not use Schedule 6 to make adjustments to liability reported on Forms 720 filed for prior quarters. Use Form 720X, Amended Quarterly Federal Excise Tax Return. Also, do not use Schedule 6 to claim amounts that were taken or will be taken as a credit on Form 2290 or Form 730.*

**Claim requirements.** Generally, a claim must be filed within 3 years of the filing of the return to which the claim relates, or 2 years from when the tax reported on that return was paid, whichever is later.

**How to file.** Attach Schedule 6 to Form 8849. Mail it to the IRS at the address under *Where To File* in the Form 8849 instructions. If you attach additional sheets, write your name and taxpayer identification number on each sheet.

Form 8849 Attachment

Name of Claimant: Hughes Electronics Corporation & Subsidiaries (See Addendum)
Employer Identification Number: 52-1106564
Type of Return Filed: 720
Excise Tax: Communications Excise Tax
Period of Claim: 2nd Quarter 2002 through the 4th Quarter 2003
Income Tax Year: 2002, 2003
Amount to be Refunded: $2,625,000, plus interest

This claim is for communication excise taxes collected from Hughes Electronics Corporation & Subsidiaries ("Hughes Electronics"), whether directly or through telecommunication service providers, including, but not limited to, AT&T, MCI and Sprint ("the Service Providers"). This claim is also made for interest on the taxes paid.

The Service Providers have collected excise taxes from Hughes Electronics on its communication services pursuant to Section 4251 of the Internal Revenue Code. Hughes Electronics believes the services are exempt from tax to the extent:

(1) the services constitute Private Communication Services;
(2) the fees for the services do not vary in amount with the time and distance of each individual communication;
(3) the services are for data and not voice quality communication; or
(4) the fees for the services are not paid within the United States.

Detailed information with respect to Hughes Electronics' position will be made available upon request.

The Communication Service Excise Tax is a collected tax. This claim is filed pursuant to Rev. Rul. 60-58, 1960-1 CB 638. Please note this claim for refund does not follow the IRS's publicly stated positions set forth in Technical Advice Memoranda 9543002 and 9524004. Hughes Electronics believes that these authorities do not accurately apply the statutory rules to its purchased communications services.

**Hughes Electronics reserves the right to amend the amount of this claim.**

Addendum: Hughes Electronics Corporation & Subsidiaries

| | | |
|---|---|---|
| 1 | Hughes Electronics Corporation | 52-1106564 |
| 2 | Aspen Internet Systems, Inc. | 94-3260802 |
| 3 | DirecTV, Inc. | 95-4321465 |
| 4 | DirecTV Customer Services, Inc. | 95-4738537 |
| 5 | DirecTV Enterprises, Inc. | 95-4511942 |
| 6 | DirecTV Global, Inc. | 95-4848120 |
| 7 | DirecTV Global Digital Media, Inc. | 03-0396465 |
| 8 | DirecTV International, Inc. | 95-4575654 |
| 9 | DTVI One, Inc. | 95-4685270 |
| 10 | DTVI Two, Inc. | 95-4685273 |
| 11 | DTVJ Holdings, Inc. | 95-4797956 |
| 12 | DirecTV Latin America Holdings, Inc. | 95-4517062 |
| 13 | DirecTV Merchandising, Inc. | 95-4523782 |
| 14 | DirecTV Operations, Inc. | 95-4511940 |
| 15 | Hughes Avicom International, Inc. | 95-3636288 |
| 16 | Hughes Communications Galaxy, Inc. | 95-3456497 |
| 17 | Hughes Communications, Inc. | 95-3884435 |
| 18 | Hughes Commun Satellite Services, Inc. | 95-3881942 |
| 19 | Hughes Electornics International Corporation | 95-4653543 |
| 20 | Hughes Electronics Realty, Inc. | 95-4614412 |
| 21 | Hughes Electronics Systems International | 95-4653548 |
| 22 | Hughes Global Services, Inc. | 95-4659709 |
| 23 | Hughes Investment Management Company | 95-3947944 |
| 24 | Hughes Network Systems, Inc. | 52-2358833 |
| 25 | HNS - Clairtel GP, Inc. | 52-1720111 |
| 26 | HNS - India, Inc. | 52-1755636 |
| 27 | Hughes Network Systems, Int'l Service Co | 52-1691571 |
| 28 | HNS India VSAT, Inc. | 52-1755631 |
| 29 | HNS - Shanghai, Inc. | 52-1720113 |
| 30 | Hughes Telecommunications & Space Company | 95-4549613 |
| 31 | PDO Communications, Inc. | 77-0474477 |
| 32 | DirecTV Broadband, Inc. | 77-0467929 |
| 33 | USSB II, Inc. | 41-1772351 |
| 34 | NET/36, Inc. | 06-1586835 |
| 35 | Panamsat Corporation | 95-4607698 |
| 36 | Panamsat Asia Carrier Services, Inc. | 06-1532021 |
| 37 | Panamsat Capital Corporation | 06-1371155 |
| 38 | Panamsat Communications Japan, Inc. | 95-3976181 |
| 39 | Panamsat Carrier Services, Inc. | 16-1377869 |
| 40 | Panamsat Communications Service, Inc. | 95-3270893 |
| 41 | Panamsat International Employment, Inc. | 06-1475361 |
| 42 | Panamsat International Holdings, Inc. | NONE |
| 43 | Panamsat India, Inc. | NONE |
| 44 | Panamsat International Systems, Inc. | 06-1407851 |
| 45 | Panamsat Licensee Corporation | 06-1369810 |
| 46 | Panamsat Marketing Corporation | APPLIED FOR |
| 47 | Panamsat International Sales, Inc. | 16-1532018 |
| 48 | Panamsat Communications Carrier Services, Inc. | NONE |
| 49 | Service and Equipment Corporation | 06-1614545 |
| 50 | Southern Satellite Corporation | 06-1396534 |
| 51 | Southern Satellite Licensee Corporation | NONE |
| 52 | USHI, INC. | 95-4130816 |

BRIAN R. PAPERNY
Vice President, Taxes

THEDIRECTVGROUP

CERTIFIED MAIL, RETURN RECEIPT REQUESTED
ARTICLE NO. ____________________

Internal Revenue Service
Cincinnati, Ohio 45999-0002

June 29, 2005

Re: DirecTV Group, Inc. and Subsidiaries
(formerly known as Hughes Electronics Corporation)
EIN: 52-1106564
Tax Year: 2004, 2005
Period of Claim: 1st Quarter 2004
Through the 1st Quarter 2005

Dear Sir or Madam:

Enclosed is Form 8849 (Claim for Refund of Excise Taxes) with Attachment. As discussed in the Attachment to Form 8849, we respectfully request a refund for communications excise taxes collected from DirecTV Group, Inc. and Subsidiaries pursuant to Section 4251 of the Internal Revenue Code.

If you need additional information or have any questions, please contact Brian Paperny at (310) 964-0737. Thank you for your assistance in this matter.

Kindly acknowledge receipt of the enclosed by affixing your date stamp to the attached copy of this letter and returning it in the self-addressed envelope provided.

Sincerely,

Brian R. Paperny

Enclosures

cc: George Famalett ., PricewaterhouseCoopers (with enclosures)
✓ Todd Kelly, PricewaterhouseCoopers (with enclosures)

P.O. Box 956 2250 East Imperial Hwy El Segundo, CA 90245-0956 Phone: (310) 964-0737 Fax: (310) 964-0987 brian.paperny@directv.com

Form **8849** (Rev. February 2005)

Department of the Treasury—Internal Revenue Service

# Claim for Refund of Excise Taxes

OMB No. 1545-1420

Print clearly. Leave a blank box between words.

Name of claimant: DIRECTV GROUP, INC & SUBSIDIARIES (FORMERLY KNOWN AS HUGHES ELECTRONICS CORP.)

Employer identification number (EIN): 52-1106564

Address (number, street, room or suite no.): 2250 EAST IMPERIAL HIGHWAY

Social security number (SSN):

City and state or province. If you have a foreign address, see page 2.: EL SEGUNDO, CA

ZIP code: 90245

Foreign country, if applicable. Do not abbreviate.:

Month claimant's income tax year ends: 12

Daytime telephone number (optional): (310) 964-0737

**Caution:** *Do not use Form 8849 to make adjustments to liability reported on Forms 720 for prior quarters or to claim any amounts that were or will be claimed on **Schedule C (Form 720)**, Claims, **Form 4136**, Credit for Federal Tax Paid on Fuels, **Form 2290**, Heavy Highway Vehicle Use Tax Return, or **Form 730**, Monthly Tax Return for Wagers.*

## Schedules Attached

Check (✓) the appropriate box(es) for the schedule(s) you attach to Form 8849. Only attach the schedules on which you are claiming a refund. Schedules 2, 3, and 5 cannot be filed with any other schedules on Form 8849. File each of these schedules with a separate Form 8849.

| | | |
|---|---|---|
| **Schedule 1** | Nontaxable Use of Fuels | ☐ |
| **Schedule 2** | Sales by Registered Ultimate Vendors | ☐ |
| **Schedule 3** | Alcohol Fuel Mixtures and Biodiesel Mixtures | ☐ |
| **Schedule 5** | Section 4081(e) Claims | ☐ |
| **Schedule 6** | Other Claims | ☒ |

**Sign Here**

Under penalties of perjury, I declare (1) that I have examined this claim, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete, and (2) that amounts claimed on this form have not been, and will not be, claimed on any other form.

[signature] V.P., Taxes — 6/29/05

Signature and title (if applicable) — Date

Brian Paperny

Type or print your name below signature.

For Privacy Act and Paperwork Reduction Act Notice, see instructions.

Form **8849** (Rev. 2-2005)

ISA
STF FED8849F

Schedule 6 (Form 8849) (Rev. February 2005) Department of the Treasury Internal Revenue Service

# Other Claims

▶ Attach to Form 8849.

OMB No. 1545-1420

| Name as shown on Form 8849 | EIN or SSN | Total refund (total of lines 1–5) |
|---|---|---|
| DirecTV Group, Inc and Subsidiaries(formerly known as Hughes Electronics Corp.) | 52-1106564 | $ 1,875,000 + INT |

Enter the earliest and latest dates of the events included in this claim. Enter in MMDDYYYY format.

Earliest date ▶ 01/01/2004 Latest date ▶ 03/31/2005

| Tax | Amount of refund | CRN |
|---|---|---|
| 1 COMMUNICATIONS EXCISE TAX REFUND CLAIM | $ 1,875,000 + INT | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

Use the space below for an explanation of each tax claimed.

For claims under section 6416(b)(2) relating to certain uses and resales of certain articles subject to manufacturers or retailers taxes, claimant certifies that it sold the article at a tax-excluded price, repaid the amount of tax to the ultimate vendor, or has obtained the written consent of the ultimate vendor to make the claim; and has the required supporting evidence.

THIS IS A REFUND CLAIM FOR COMMUNICATION EXCISE TAX PAID FOR THE 1ST QUARTER OF 2004 THROUGH THE 1ST QUARTER 2005. THIS CLAIM IS FOR $1,875,000, PLUS INTEREST. DIRECTV GROUP, INC AND SUBSIDIARIES RESERVES THE RIGHT TO AMEND THE AMOUNT OF THIS CLAIM.

## Instructions

*Section references are to the Internal Revenue Code unless otherwise noted.*

**Purpose of schedule.** Use Schedule 6 for claims not reportable on Schedules 1–3 and 5, including refunds of excise taxes reported on:

- **Form 720**, Quarterly Federal Excise Tax Return;
- **Form 2290**, Heavy Highway Vehicle Use Tax Return;
- **Form 730**, Monthly Tax Return for Wagers; and
- **Form 11-C**, Occupational Tax and Registration Return for Wagering.

**Caution:** *Do not use Schedule 6 to make adjustments to liability reported on Forms 720 filed for prior quarters. Use Form 720X, Amended Quarterly Federal Excise Tax Return. Also, do not use Schedule 6 to claim amounts that were taken or will be taken as a credit on Form 2290 or Form 730.*

**Claim requirements.** Generally, a claim must be filed within 3 years of the filing of the return to which the claim relates, or 2 years from when the tax reported on that return was paid, whichever is later.

**How to file.** Attach Schedule 6 to Form 8849. Mail it to the IRS at the address under *Where To File* in the Form 8849 instructions. If you attach additional sheets, write your name and taxpayer identification number on each sheet.

Form 8849 Attachment

Name of Claimant: DirecTV Group, Inc and Subsidiaries (formerly known as Hughes Electronics Corporation)
Employer Identification Number: 52-1106564
Type of Return Filed: 720
Excise Tax: Communications Excise Tax
Period of Claim: 1st Quarter 2004 through the 1st Quarter 2005
Income Tax Year: 2004, 2005
Amount to be Refunded: $1,875,000, plus interest

This claim is for communication excise taxes collected from DirecTV Group, Inc and Subsidiaries, whether directly or through telecommunication service providers, including, but not limited to, AT&T, MCI and Sprint ("the Service Providers"). This claim is also made for interest on the taxes paid.

The Service Providers have collected excise taxes from DirecTV Group, Inc and Subsidiaries on its communication services pursuant to Section 4251 of the Internal Revenue Code. DirecTV Group, Inc and Subsidiaries believes the services are exempt from tax to the extent:

(1) the services constitute Private Communication Services;
(2) the fees for the services do not vary in amount with the time and distance of each individual communication;
(3) the services are for data and not voice quality communication; or
(4) the fees for the services are not paid within the United States.

Detailed information with respect to DirecTV Group, Inc and Subsidiaries' position will be made available upon request.

The Communication Service Excise Tax is a collected tax. This claim is filed pursuant to Rev. Rul. 60-58, 1960-1 CB 638. Please note this claim for refund does not follow the IRS's publicly stated positions set forth in Technical Advice Memoranda 9543002 and 9524004. DirecTV Group, Inc and Subsidiaries believes that these authorities do not accurately apply the statutory rules to its purchased communications services.

**DirecTV Group, Inc and Subsidiaries reserves the right to amend the amount of this claim.**

KELLEY DRYE & WARREN LLP
A LIMITED LIABILITY PARTNERSHIP INCLUDING PROFESSIONAL ASSOCIATIONS
101 PARK AVENUE
NEW YORK, NEW YORK 10178
(212) 808-7800

WASHINGTON, DC
LOS ANGELES, CA
CHICAGO, IL
STAMFORD, CT
PARSIPPANY, NJ

BRUSSELS, BELGIUM
HONG KONG

AFFILIATE OFFICES
BANGKOK, THAILAND
JAKARTA, INDONESIA
MANILA, THE PHILIPPINES
MUMBAI, INDIA
TOKYO, JAPAN

FACSIMILE
(212) 808-7897

DIRECT LINE: (212) 808-5048
EMAIL: rrabkin@kelleydrye.com

July 26, 2005

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Internal Revenue Service Center
Cincinnati, OH 45999-0002

Re: DirecTV Group, Inc and Subsidiaries (formerly known as Hughes Electronics Corporation)

Dear Sir or Madam:

Enclosed please find refund claims with respect to the federal communications excise tax for the period April 1, 2005 through June 30, 2005. Also enclosed is an originally executed power of attorney.

Please acknowledge receipt of the enclosed by signing and dating the extra copy of this letter and returning it to me in the postage-paid envelope provided for this purpose.

Sincerely,

Ronald J. Rabkin

Enclosures

Receipt Acknowledged ____________________

INTERNAL REVENUE SERVICE
RECEIVED
AUG 02 2005
SERVICE CENTER DIRECTOR
COVINGTON, KY
MAIL UNIT #19

NY01/RABKR/1035805.1

KELLEY DRYE & WARREN LLP
A LIMITED LIABILITY PARTNERSHIP INCLUDING PROFESSIONAL ASSOCIATIONS
101 PARK AVENUE
NEW YORK, NEW YORK 10178
(212) 808-7800

FACSIMILE
(212) 808-7897

WASHINGTON, DC
LOS ANGELES, CA
CHICAGO, IL
STAMFORD, CT
PARSIPPANY, NJ

BRUSSELS, BELGIUM
HONG KONG

AFFILIATE OFFICES
BANGKOK, THAILAND
JAKARTA, INDONESIA
MANILA, THE PHILIPPINES
MUMBAI, INDIA
TOKYO, JAPAN

DIRECT LINE: (212) 808-5045
EMAIL: rrabkin@kelleydrye.com

July 26, 2005

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Internal Revenue Service Center
Cincinnati, OH 45999-0002

Re: DirecTV Group, Inc and Subsidiaries (formerly known as Hughes Electronics Corporation)

Dear Sir or Madam:

Enclosed please find refund claims with respect to the federal communications excise tax for the period April 1, 2005 through June 30, 2005. Also enclosed is an originally executed power of attorney.

Please acknowledge receipt of the enclosed by signing and dating the extra copy of this letter and returning it to me in the postage-paid envelope provided for this purpose.

Sincerely,

Ronald J. Rabkin

Enclosures

NY01/RABKR/1035805.1

Bcc: William J. Spina
George Famalet
Todd Kelly

Form **8849**
(Rev. February 2005)

Department of the Treasury—Internal Revenue Service

# Claim for Refund of Excise Taxes

OMB No. 1545-1420

Print clearly. Leave a blank box between words.

Name of claimant: DIRECTV GROUP, INC & SUBSIDIARIES (FORMERLY KNOWN AS HUGHES ELECTRONICS CORP.)

Employer identification number (EIN): 52-1106564

Address (number, street, room or suite no.): 2250 EAST IMPERIAL HIGHWAY

Social security number (SSN):

City and state or province. If you have a foreign address, see page 2.: EL SEGUNDO, CA

ZIP code: 90245

Foreign country, if applicable. Do not abbreviate.:

Month claimant's income tax year ends: 12

Daytime telephone number (optional): (310) 964-0737

**Caution:** *Do not use Form 8849 to make adjustments to liability reported on Forms 720 for prior quarters or to claim any amounts that were or will be claimed on Schedule C (Form 720), Claims, Form 4136, Credit for Federal Tax Paid on Fuels, Form 2290, Heavy Highway Vehicle Use Tax Return, or Form 730, Monthly Tax Return for Wagers.*

## Schedules Attached

Check (✓) the appropriate box(es) for the schedule(s) you attach to Form 8849. Only attach the schedules on which you are claiming a refund. Schedules 2, 3, and 5 cannot be filed with any other schedules on Form 8849. File each of these schedules with a separate Form 8849.

| | | |
|---|---|---|
| **Schedule 1** | Nontaxable Use of Fuels | ☐ |
| **Schedule 2** | Sales by Registered Ultimate Vendors | ☐ |
| **Schedule 3** | Alcohol Fuel Mixtures and Biodiesel Mixtures | ☐ |
| **Schedule 5** | Section 4081(e) Claims | ☐ |
| **Schedule 6** | Other Claims | ☒ |

**Sign Here**

Under penalties of perjury, I declare (1) that I have examined this claim, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete, and (2) that amounts claimed on this form have not been, and will not be, claimed on any other form.

Signature and title (if applicable): [signature] Vice President, Taxes

Date: 7/21/05

Type or print your name below signature.

**For Privacy Act and Paperwork Reduction Act Notice, see instructions.**

Form **8849** (Rev. 2-2005)

ISA
STF FED8849F

**Schedule 6 (Form 8849)**
(Rev. February 2005)
Department of the Treasury
Internal Revenue Service

# Other Claims

▶ Attach to Form 8849.

OMB No. 1545-1420

| Name as shown on Form 8849 | EIN or SSN | Total refund (total of lines 1–5) |
|---|---|---|
| DirecTV Group, Inc and Subsidiaries(formerly known as Hughes Electronics Corp.) | 52-1106564 | $ 500,000 + INT |

Enter the earliest and latest dates of the events included in this claim. Enter in MMDDYYYY format.

Earliest date ▶ 04/01/2005 Latest date ▶ 06/30/2005

| Tax | Amount of refund | CRN |
|---|---|---|
| 1 COMMUNICATIONS EXCISE TAX REFUND CLAIM | $ 500,000 + INT | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

Use the space below for an explanation of each tax claimed.

For claims under section 6416(b)(2) relating to certain uses and resales of certain articles subject to manufacturers or retailers taxes, claimant certifies that it sold the article at a tax-excluded price, repaid the amount of tax to the ultimate vendor, or has obtained the written consent of the ultimate vendor to make the claim; and has the required supporting evidence.

THIS IS A REFUND CLAIM FOR COMMUNICATION EXCISE TAX PAID FOR THE 2ND QUARTER OF 2005. THIS CLAIM IS FOR $500,000 PLUS INTEREST. DIRECTV GROUP, INC AND SUBSIDIARIES RESERVES THE RIGHT TO AMEND THE AMOUNT OF THIS CLAIM.

## Instructions

*Section references are to the Internal Revenue Code unless otherwise noted.*

**Purpose of schedule.** Use Schedule 6 for claims not reportable on Schedules 1–3 and 5, including refunds of excise taxes reported on:

- **Form 720,** Quarterly Federal Excise Tax Return;
- **Form 2290,** Heavy Highway Vehicle Use Tax Return;
- **Form 730,** Monthly Tax Return for Wagers; and
- **Form 11-C,** Occupational Tax and Registration Return for Wagering.

**Caution:** *Do not use Schedule 6 to make adjustments to liability reported on Forms 720 filed for prior quarters. Use Form 720X, Amended Quarterly Federal Excise Tax Return. Also, do not use Schedule 6 to claim amounts that were taken or will be taken as a credit on Form 2290 or Form 730.*

**Claim requirements.** Generally, a claim must be filed within 3 years of the filing of the return to which the claim relates, or 2 years from when the tax reported on that return was paid, whichever is later.

**How to file.** Attach Schedule 6 to Form 8849. Mail it to the IRS at the address under *Where To File* in the Form 8849 instructions. If you attach additional sheets, write your name and taxpayer identification number on each sheet.

**For Privacy Act and Paperwork Reduction Act Notice, see Form 8849 instructions.**

ISA
STF FED8857F.1

## Form 8849 Attachment

Name of Claimant: DirecTV Group, Inc. & Subsidiaries (formerly Hughes Electronics Corporation)
Employer Identification Number: 52-1106564
Type of Return Filed: 720
Excise Tax: Communications Excise Tax
Period of Claim: 2nd Quarter
Income Tax Year: 2005
Amount to be Refunded: $500,000, plus interest

This claim is for communication excise taxes collected from DirecTV Group, Inc. & Subsidiaries ("DirecTV"), whether directly or through telecommunication service providers, including, but not limited to, AT&T, MCI and Sprint ("the Service Providers"). This claim is also made for interest on the taxes paid.

The Service Providers have collected excise taxes from DirecTV on its communication services pursuant to Section 4251 of the Internal Revenue Code. DirecTV believes the services are exempt from tax to the extent:

(1) the services constitute Private Communication Services;
(2) the fees for the services do not vary in amount with the time and distance of each individual communication;
(3) the services are for data and not voice quality communication; or
(4) the fees for the services are not paid within the United States.

Detailed information with respect to DirecTV's position will be made available upon request.

The Communication Service Excise Tax is a collected tax. This claim is filed pursuant to Rev. Rul. 60-58, 1960-1 CB 638. Please note this claim for refund does not follow the IRS's publicly stated positions set forth in Technical Advice Memoranda 9543002 and 9524004. DirecTV believes that these authorities do not accurately apply the statutory rules to its purchased communications services.

**DirecTV reserves the right to amend the amount of this claim.**

Form **2848**
(Rev. March 2004)
Department of the Treasury
Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ Type or print. ▶ See the separate instructions.

OMB No. 1545-0150
For IRS Use Only
Received by:
Name
Telephone
Function
Date

**Part I Power of Attorney**

**Caution:** *Form 2848 will not be honored for any purpose other than representation before the IRS.*

**1 Taxpayer information.** Taxpayer(s) must sign and date this form on page 2, line 9.

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| DirecTV Group Inc. and Subsidaries<br>(formerly Hughes Electronics Corporation)<br>2250 EAST IMPERIAL HIGHWAY<br>EL SEGUNDO, CA 90245 | | 52-1106564 |
| | Daytime telephone number<br>(310) 964-0737 | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2 Representative(s)** must sign and date this form on page 2, Part II.

| Name and address | |
|---|---|
| JACOB J. MILES; KELLEY, DRYE & WARREN<br>101 PARK AVENUE<br>NEW YORK, NY 10178 | CAF No. 2005-78683R<br>Telephone No. 212-808-7800<br>Fax No. 212-808-7897<br>Check if new: Address ☐ Telephone No. ☐ Fax No. ☐ |
| GEORGE FAMALETT; PricewaterhouseCoopers<br>10 ALMADEN BLVD<br>SAN JOSE, CA 95 | CAF No. 100-21398R<br>Telephone No. 408-817-7401<br>Fax No. 813-329-2748<br>Check if new: Address ☐ Telephone No. ☐ Fax No. ☐ |
| RON RABKIN; KELLEY, DRYE & WARREN<br>101 PARK AVENUE<br>NEW YORK, NY 10178 | CAF No. Applied For<br>Telephone No. 212-808-7800<br>Fax No. 212-808-7897<br>Check if new: Address ☐ Telephone No. ☐ Fax No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3 Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) or Civil Penalty (see the instructions for line 3) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) (see the instructions for line 3) |
|---|---|---|
| EXCISE TAX | 720 | JAN. ~~2002~~ 2001 TO Dec. 2005 |
| | | |
| | | |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. See the instructions for Line 4. **Specific uses not recorded on CAF.** . . . . . . . . . . ▶ ☐

**5 Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative, the power to sign certain returns, or the power to execute a request for disclosure of tax returns or return information to a third party. See the line 5 instructions for more information.

**Exceptions.** An unenrolled return preparer cannot sign any document for a taxpayer and may only represent taxpayers in limited situations. See **Unenrolled Return Preparer** on page 2 of the instructions. An enrolled actuary may only represent taxpayers to the extent provided in section 10.3(d) of Circular 230. See the line 5 instructions for restrictions on tax matters partners.

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: ..............................

**6 Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, ***BUT NOT TO ENDORSE OR CASH,*** refund checks, initial here ________ and list the name of that representative below.

Name of representative to receive refund check(s) ▶

**Attachment to IRS Form 2848, Power of Attorney and Designation of Representative**
**DirecTV Group, Inc. (52-1106564)**

| | |
|---|---|
| Christine Tormey, Esq.<br>c/o Kelly Drye & Warran LLP<br>101 Park Avenue, New York, NY 10178<br>Designation: A Jurisdiction: NY | CAF No. 0100-099-78R<br>Telephoe No. 212-808-7930<br>Fax No. 212-808-7897 |
| Todd Kelly<br>c/o PricewaterhouseCoopers LLP<br>199 Fremont Street, Suite 200, San Francisco, CA 94<br>Designation: N/A Todd Kelly | CAF No. Applied For<br>Telephoe No. 415-498-6128<br>Fax No. 813-329-2866<br>7/21/05 |

U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com
OFFICIAL USE

| | |
|---|---|
| Postage | $ 83 |
| Certified Fee | 230 |
| Return Receipt Fee (Endorsement Required) | 175 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 488 |

Postmark Here: NEW YORK NY 10017 CENTRAL STA JUL 28 2005 USPS

Sent To: Internal Revenue Service
Street, Apt. No.; or PO Box No.: (Directv)
City, State, ZIP+4: Cincinnati, OH 45999-0002

PS Form 3800, June 2002 See Reverse for Instructions

7005 0390 0002 9214 0631

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
Internal Revenue Service
Cincinnati, OH 45999-0002
Directv

COMPLETE THIS SECTION ON DELIVERY

A. Received by (Please Print Clearly) B. Date of Delivery
C. Signature
X ☐ Agent ☐ Addressee
D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

INTERNAL REVENUE SERVICE
RECEIVED
AUG 04 2005
SERVICE CENTER DIRECTOR
COVINGTON, KY
MAIL UNIT #50

3. Service Type
☐ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.
4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number: 7005 0390 0002 9214 0631

PS Form 3811, July 1999 Domestic Return Receipt 102595-00-M-0952