# Exhibit A

**Thelen Reid & Priest LLP**
*Attorneys At Law*

Scott Brian Clark
212.603.2347 Direct Dial
212.829.2118 Direct Fax
sclark@thelenreid.com

875 Third Avenue
New York, NY 10022-6225
Tel. 212.603.2000
Fax 212.603.2001
www.thelenreid.com

April 12, 2005

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Internal Revenue Service
801 Civic Center Drive West
Santa Ana, CA 92701
ATTN: Excise Tax Group 1416
Bess Riley, Manager

Re: **DIRECTV**
**EIN: 95-4321465**
**Federal Communications Excise Tax**
**Claim for refund - Forms 8849**
**Q2, 2001 - Q4, 2001**

Dear Ms. Riley:

I am in receipt of your Information Document Request ("IDR", Form 4564) dated January 21, 2005 and the subsequent proposal for full disallowance dated March 04, 2005. You have allowed us an extension of time until today, April 12, to respond to your IDR. (See extension request, Power of Attorney, and IDR, attached herein.) We are pleased to provide answers to your questions below. In addition we would be happy to provide any additional information you require, including cancelled checks or proof of payment, on a sample basis, for the monthly bills detailed herein (See IDR number 4). We will also follow up, in short order with a more detailed explanation on why the common carrier exemption is also fitting under these circumstances. (See IDR number 7.) Please note the Taxpayer's correct EIN number as indicated above. (The IDR has listed this number incorrectly.)

We would like and have attempted to begin a dialogue with you to discuss these requests and to better answer your questions regarding the basis of our filing. Because of your impending retirement, unfortunately, we have not been able to begin that discussion. Similarly I also understand that the Excise Tax Specialist on this matter, Mr. Larry Papania has also retired, so unfortunately we have not been able to reach him. We would certainly enjoy the opportunity to discuss these issues further and supply any additional supporting information that might be required. Below, we are pleased to provide answers to your questions as referenced in the IDR:

1. Please see the attached worksheets listing amounts, on a monthly basis, that comprise the detail for this claim. All these charges are attributable to duration (time) only. In additional a very small percentage of the total may also include private communications service.

2. Phone bills, including summary pages, are attached in chronological order for each month. All phone services subject to this claim were provided by ATT.

3. A copy of the pertinent ATT contract is included herein. The pertinent sections have been highlighted as you requested.

4. We would be happy to make available cancelled checks or proof of payment on a selected basis.

5. The telephone services provided was essentially 800 inbound type service. These communications were comprised essentially of inbound customer calls to either order service, alter, upgrade or purchase equipment. A small portion of these telephone services were direct dial. (The breakout is indicated on the monthly bills.) The basis of the claim is essentially that those charges do not meet the requirements as "toll telephone" service under IRC Section 4252(b); since they were not based on ***time and distance***. The communications services subject to this claim were all charged based on the duration of each individual call and not on distance.

In fact this particular service, 800 inbound service charged on the basis of time alone, was the subject of a recent favorable decision for the Taxpayer. (See *Fortis, Inc. v. United States*, 2004 WL 2085528, at *16 (S.D.N.Y. Sept. 16, 2004)) There the Court held that an almost identical 800 inbound service provided by ATT, the same carrier as here, was not charged based on time and distance and therefore was not subject to the excise tax. As you are aware, many other recent cases have been decided which are consistent with and support this claim. (*See Honeywell Int'l, Inc. v. United States*, __ Fed. Cl. __, __, 2005 WL 375601, at *16 (Fed. Cl. Feb. 16, 2005); *Reese Bros., Inc. v. United States*, 2004 WL 2901579, at *15 (W.D. Pa. Nov. 30, 2004); *National R.R. Passenger Corp. v. United States*, 338 F.Supp.2d 22, 30 (D.D.C. 2004); *Office Max, Inc. v. United States*, 309 F.Supp.2d 984, 1007 (N.D. Ohio 2004).

6. None of the refund claim is for data services.

7. We respectfully assert that the taxpayer, as a "broadcaster" of services does qualify, for this purpose, as a common carrier. We will be happy to provide support for this claim under separate cover and will supplement this filing on that issue.

As indicated above, we look forward to the opportunity to discuss these matters further at your earliest convenience.

Very truly yours,

Scott Brian Clare

NY #653638 v1

| Form 4564<br>Rev. June 1988 | Department of the Treasury<br>Internal Revenue Service<br>**INFORMATION DOCUMENT REQUEST** | Request Number<br>1 |
|---|---|---|

| TO: (Name of Taxpayer and Co. Div. or Branch)<br><br>DIRECTV<br>POA's: R. Chicoine; D. Hallet, & N. Chicoine<br>EIN: 95-4511840 | Subject: V. P. N. CLAIM<br>SAIN: Submitted to:<br>Dates of Previous Requests: |
|---|---|

Form 8849, Claims for Refund, have been filed by DIRECTV for the period(s) ending: 06-30-2001, 09-30-2001, and 12-31-2001.
Please provide the following information and documentation to support these claims.

1. Detailed worksheet showing the total amount of the claim on a monthly basis. This worksheet should list the type of service, the amount of the monthly charge and the related federal excise tax refund. (The amounts shown on this worksheet should tie to the telephone bills.) If you are claiming that part of your FET related to "cents per minute" (Duration vs. Distance) please provide a breakdown showing which part of the charge is attributable to duration only. If your claim is for the "private communications" issue, please provide the monthly totals.
2. Copies of every phone bill claimed on the worksheet above. These bills should include all the summary pages for each carrier showing every charge for the month and the federal excise tax charged.
3. Copies of all contracts between the taxpayer and their carriers. These contracts should include the original signed contract and all exhibits, amendments and addendums for period of the claims. Please highlight the contract provisions that relate to the costs – i.e. the charge for cents per minute vs. distance.
4. Proof that the taxpayer paid these phone bills. Copies of cancelled checks or the summary page for the following month which shows that the bill was paid on the prior month.
5. Is the claim for private communication between the company's offices? YES OR NO. If so, provide a detail list of all offices and their phone numbers. In addition, provide a detail list of all calls between the offices each month
6. Is the claim for data services? YES OR NO. If so, provide information from the provider that the line is capable of only data transmissions. This information should be available in the contract with the carriers.

| Name and Title of Requester:<br><br>L. Papania,<br>Revenue Agent - Excise Tax Specialist ID #95-09040 | Date:<br><br>01-21-2005 |
|---|---|
| Office Location:<br><br>Santa Ana, CA 92701 ( 714) 347-9303 | |

| Form 4564<br>Rev. June 1988 | Department of the Treasury<br>Internal Revenue Service<br>**INFORMATION DOCUMENT REQUEST** | **Request Number**<br>1 |
|---|---|---|

| TO: (Name of Taxpayer and Co. Div. or Branch) | Subject: | V. P. N. CLAIM |
|---|---|---|
| DIRECTV<br>POA's: R. Chicoine; D. Hallet, & N. Chicoine<br>EIN: 95-4511840 | SAIN: | Submitted to: |
| | Dates of Previous Requests: | |

7. Is the claim for the common carrier exemption? YES OR NO. If so, provide information and documentation to show that you meet the "common carrier" definition and that the service is WATS type service.

**Please have this information by: 02-23-2005**

| Name and Title of Requester: | Date: |
|---|---|
| L. Papania,<br>Revenue Agent - Excise Tax Specialist ID #95-09040 | 01-21-2005 |
| Office Location:<br>Santa Ana, CA 92701 ( 714) 347-9303 | |

Form **8849** (Rev. January 2003)

Department of the Treasury—Internal Revenue Service

# Claim for Refund of Excise Taxes

OMB No 1545-1420

Print clearly Leave a blank box between words

| | |
|---|---|
| Name of claimant: D I R E C T V , I n c . | Employer identification number (EIN): 9 5 4 3 2 1 4 6 5 |
| Address (number, street, room or suite no.): 2 2 3 0 E I m p e r i a l H w y . | Social security number (SSN): |
| City and state or province. If you have a foreign address, see page 2.: E l S e g u n d o , C A | ZIP code: 9 0 2 4 5 |
| Foreign country, if applicable. Do not abbreviate.: | Month claimant's income tax year ends: 1 2 |
| Daytime telephone number (optional): 3 1 0 9 6 4 4 8 5 8 | |

**Caution:** *Do not use Form 8849 to make adjustments to liability reported on Forms 720 for prior quarters or to claim any amounts that were or will be claimed on* ***Schedule C (Form 720),*** *Claims, Form 4136, Credit for Federal Tax Paid on Fuels, Form 2290, Heavy Highway Vehicle Use Tax Return, or Form 730, Monthly Tax Return On Wagers*

## Schedules Attached

Check (✓) the appropriate box(es) for the schedule(s) you attach to Form 8849 Only attach the schedules on which you are claiming a refund Schedules 2, 3, 5, and section 4091(d) claims on Schedule 6 cannot be filed with any other schedules on Form 8849 File each of these schedules with a separate Form 8849.

| | | |
|---|---|---|
| Schedule 1 | Nontaxable Use of Fuels | ☐ |
| Schedule 2 | Sales by Registered Ultimate Vendors of Undyed Diesel Fuel and Undyed Kerosene | ☐ |
| Schedule 3 | Gasohol Blending | ☐ |
| Schedule 4 | Sales by Gasoline Wholesale Distributors | ☐ |
| Schedule 5 | Section 4081(e) Claims | ☐ |
| Schedule 6 | Other Claims | ☑ |

**Sign Here**

Under penalties of perjury, I declare (1) that I have examined this claim, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete, and (2) that amounts claimed on this form have not been, and will not be claimed on any other form

Signature and title (if applicable) Date

Robert J. Chicoine (POA)

Type or print your name below signature.

Schedule 6 (Form 8849) (Rev. January 2003)

Department of the Treasury—Internal Revenue Service

# Other Claims

► Attach to Form 8849.

OMB No 1545-1420

| Name as shown on Form 8849 | EIN or SSN | Total refund (total of lines 1-5) |
|---|---|---|
| DIRECTV, Inc. | 95-4321465 | $ 46,749.02 |

Enter the earliest and latest dates of the events included in this claim Enter in MMDDYYYY format.

Earliest date ► 04012001 Latest date ► 06302001

Claimant's registration number for Section 4091(d) claims ► ____________

| | Tax | Amount of refund | | CRN |
|---|---|---|---|---|
| 1 | Telecommunications Excise Tax | $ 46,749 | 02 | |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |

Use the space below for an explanation of each tax claimed

For claims under section 6416(b)(2) relating to certain uses and resales of certain articles subject to manufacturers or retailers taxes, claimant certifies that it sold the article at a tax-excluded price, repaid the amount of tax to the ultimate vendor, or has obtained the written consent of the ultimate vendor to make the claim; and has the required supporting evidence

See the following attached:

1) Form 2848--Power of Attorney
2) Attachment to Form 8849
3) Spreadsheets of Excise Tax Paid
4) Substantiation of Claim

Any other substantiation will be provided upon request. The taxpayer requests that any Appeals be conducted in Seattle, Washington.

## Instructions

*Section references are to the Internal Revenue Code unless otherwise noted*

**Purpose of schedule.** Use Schedule 6 for claims not reportable on Schedules 1-5, including refunds of excise taxes reported on:

- Form 720, Quarterly Federal Excise Tax Return, including section 4091(d) claims;
- Form 2290, Heavy Highway Vehicle Use Tax Return;
- Form 730, Monthly Tax Return for Wagers; and
- Form 11-C, Occupational Tax and Registration Return for Wagering

**Caution:** *Do not use Schedule 6 to make adjustments to liability reported on Forms 720 filed for prior quarters Use Form 720X, Amended Quarterly Federal Excise Tax Return Also, do not use Schedule 6 to claim amounts that were taken or will be taken as a credit on Form 2290 or Form 730*

**Claim requirements.** Generally, a claim must be filed within 3 years of the filing of the return to which the claim relates, or 2 years from when the tax reported on that return was paid, whichever is later

**How to file.** Attach Schedule 6 to Form 8849 Mail it to the IRS at the address under Where To File in the Form 8849 instructions If you are filing a Section 4091(d) claim, write "Section 4091(d)" at the top of Form 8849 and on the envelope If you attach additional sheets, write your name and taxpayer identification number on each sheet

Schedule 6 (Form 8849) (Rev. January 2003)

Department of the Treasury—Internal Revenue Service

# Other Claims

▶ Attach to Form 8849.

OMB No 1545-1420

| Name as shown on Form 8849 | EIN or SSN | Total refund (total of lines 1-5) |
|---|---|---|
| DIRECTV, Inc. | 95-4321465 | $ 56,526.18 |

Enter the earliest and latest dates of the events included in this claim Enter in MMDDYYYY format

Earliest date ▶ 07012001 Latest date ▶ 09302001

Claimant's registration number for Section 4091(d) claims ▶ ____________

| | Tax | Amount of refund | | CRN |
|---|---|---|---|---|
| 1 | Telecommunications Excise Tax | $ 56,526 | 18 | |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |

Use the space below for an explanation of each tax claimed

*For claims under section 6416(b)(2) relating to certain uses and resales of certain articles subject to manufacturers or retailers* taxes, claimant certifies that it sold the article at a tax-excluded price, repaid the amount of tax to the ultimate vendor, or has obtained the written consent of the ultimate vendor to make the claim; and has the required supporting evidence.

See the following attached:

1) Form 2848--Power of Attorney
2) Attachment to Form 8849
3) Spreadsheets of Excise Tax Paid
4) Substantiation of Claim

Any other substantiation will be provided upon request. The taxpayer requests that any Appeals be conducted in Seattle, Washington.

## Instructions

*Section references are to the Internal Revenue Code unless otherwise noted*

**Purpose of schedule.** Use Schedule 6 for claims not reportable on Schedules 1–5. Including refunds of excise taxes reported on:

- Form 720, Quarterly Federal Excise Tax Return, including section 4091(d) claims;
- Form 2290, Heavy Highway Vehicle Use Tax Return;
- Form 730, Monthly Tax Return for Wagers; and
- Form 11-C, Occupational Tax and Registration Return for Wagering

**Caution:** *Do not use Schedule 6 to make adjustments to liability reported on Forms 720 filed for prior quarters Use Form 720X, Amended Quarterly Federal Excise Tax Return. Also, do not use Schedule 6 to claim amounts that were taken or will be taken as a credit on Form 2290 or Form 730*

**Claim requirements.** Generally, a claim must be filed within 3 years of the filing of the return to which the claim relates, or 2 years from when the tax reported on that return was paid, whichever is later

**How to file.** Attach Schedule 6 to Form 8849 Mail it to the IRS at the address under Where To File in the Form 8849 instructions. If you are filing a Section 4091(d) claim, write "Section 4091(d)" at the top of Form 8849 and on the envelope If you attach additional sheets, write your name and taxpayer identification number on each sheet

Schedule 6 (Form 8849) (Rev. January 2003)

Department of the Treasury—Internal Revenue Service

# Other Claims

▶ Attach to Form 8849.

OMB No 1545-1420

| Name as shown on Form 8849 | EIN or SSN | Total refund (total of lines 1–5) |
|---|---|---|
| DIRECTV, Inc. | 95-4321465 | $ 35,191.25 |

Enter the earliest and latest dates of the events included in this claim Enter in MMDDYYYY format

Earliest date ▶ 10012001 Latest date ▶ 12312001

Claimant's registration number for Section 4091(d) claims ▶ ____________

| | Tax | Amount of refund | | CRN |
|---|---|---|---|---|
| 1 | Telecommunications Excise Tax | $ 35,191 | 25 | |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |

Use the space below for an explanation of each tax claimed

For claims under section 6416(b)(2) relating to certain uses and resales of certain articles subject to manufacturers or retailers taxes. claimant certifies that it sold the article at a tax-excluded price, repaid the amount of tax to the ultimate vendor, or has obtained the written consent of the ultimate vendor to make the claim; and has the required supporting evidence

See the following attached:

1) Form 2848--Power of Attorney
2) Attachment to Form 8849
3) Spreadsheets of Excise Tax Paid
4) Substantiation of Claim

Any other substantiation will be provided upon request. The taxpayer requests that any Appeals be conducted in Seattle, Washington.

## Instructions

*Section references are to the Internal Revenue Code unless otherwise noted*

**Purpose of schedule.** Use Schedule 6 for claims not reportable on Schedules 1–5, including refunds of excise taxes reported on:

- **Form 720,** Quarterly Federal Excise Tax Return, including section 4091(d) claims;
- **Form 2290,** Heavy Highway Vehicle Use Tax Return;
- **Form 730,** Monthly Tax Return for Wagers; and
- **Form 11-C,** Occupational Tax and Registration Return for Wagering

**Caution:** *Do not use Schedule 6 to make adjustments to liability reported on Forms 720 filed for prior quarters. Use Form 720X, Amended Quarterly Federal Excise Tax Return. Also, do not use Schedule 6 to claim amounts that were taken or will be taken as a credit on Form 2290 or Form 730*

**Claim requirements.** Generally, a claim must be filed within 3 years of the filing of the return to which the claim relates, or 2 years from when the tax reported on that return was paid, whichever is later

**How to file.** Attach Schedule 6 to Form 8849 Mail it to the IRS at the address under Where To File in the Form 8849 instructions. If you are filing a Section 4091(d) claim, write *"Section 4091(d)" at the top of Form 8849 and on the envelope* If you attach additional sheets, write your name and taxpayer identification number on each sheet.

# ATTACHMENT TO FORM 8849
# CLAIM FOR REFUND OF EXCISE TAXES

## A. SUMMARY

The taxpayer, X, has paid a three percent federal excise tax on telephone communication services pursuant to Internal Revenue Code ("I.R.C.") §4251. The taxpayer claims a refund based on the fact that the service it receives, for which excise tax has been paid, does not fall within the definition of "toll telephone service" pursuant to I.R.C. §4252(b) or "local telephone service" pursuant to I.R.C. §4252(a) and is a "private communication network." In order to constitute a toll telephone service, the charge for such service must vary in amount with distance and time. The rates the taxpayer are charged are not based upon distance and time.

## B. FACTUAL BACKGROUND

The taxpayer, X, is a company that purchases long distance telecommunication services. Pursuant to Sections 4251 and 4252 of the I.R.C., a three percent federal excise tax has been paid on telephone calls placed by the taxpayer. In the rate agreements entered into with the telephone service providers; the taxpayer's charges for telephone calls do not vary with, and are not based upon, the distance between the origination and termination of the call. The services purchased by the taxpayer, do not entitle the taxpayer to an unlimited number of calls to a specified service area for which a charge was made based on a flat fee or elapsed transmission time. The services provide the taxpayer with telephone services to any location in the United States for which the taxpayer is charged an amount that varies based upon the time of each individual call. The taxpayer remitted taxes on such non-distance sensitive services and now files a claim for refund with the Internal Revenue Service (I.R.S.).

## C. LEGAL BACKGROUND

Section 4251(a) (1) of the I.R.C. imposes a three percent federal excise tax on amounts paid for certain communications services. Section 4251(a) (2) provides that the tax shall be paid by the person paying for taxable communications services. Section 4251(b) (1) of the I.R.C. provides that the term communications services means (A) local telephone service, (B) toll telephone service, and (C) teletypewriter exchange service.

Section 4252(a) of the I.R.C. defines "local telephone service" as (1) the access to a local telephone system, and the privilege of telephonic quality communication with substantially all persons having telephone or radio telephone stations constituting a part of such local telephone system, and (2) any facility or service provided in connection with such service. The term "local telephone service" does not include any service which is a "toll telephone service" or a "private communication service."

Section 4252(b) of the I.R.C. defines "toll telephone service" as (1) a telephonic quality communication for which (A) there is a toll charge which varies in amount with the distance and elapsed transmission time of each individual communication and (B) the charge is paid in the United States, and (2) a service which entitles the subscriber, upon payment of a periodic charge (determined as a flat amount or upon the basis of total transmission time), to the privilege of an unlimited number of telephonic communications to or from all or a substantial portion of the persons having telephone or radio telephone stations in a specified area which is outside the local telephone system area in which the station provided with the service is located.

Section 4252(b)(2) of the I.R.C. provides that the term "toll telegraph service" includes wide area telephone service, also known as "WATS." WATS is defined as service which entitles the subscriber, upon payment of a periodic charge (determined as a flat amount or upon the basis of total elapsed transmission time) to the privilege of an unlimited number of telephonic communications to or from all or a substantial portion of the persons having telephone or radio telephone stations in a specified area which is outside the local telephone system area in which the station provided with this service is located.

Section 4252(d) of the I.R.C. defines "private communication service" as (1) a service that entitles the subscriber to exclusive or priority use to any communications channel or group of channels, or the use of an intercommunications system for the subscriber's stations, regardless of whether such channel, groups of channels, or intercommunication system may be connected through switching with local or toll telephone service or teletypewriter exchange service, (2) switching capacity, extension lines, and stations, or other associated services which are provided in connection with, and are necessary or unique to the use of, channels or systems described in (1), and (3) the channel mileage that connects a telephone station located outside a local telephone system area with a central office in such telephone system. Private communication service does not include any communications service unless a separate charge is made for such service.

In *Rev. Rul. 79-404, 1979-2 C.B. 382,* the Service considered the applicability of section 4252(b)(1) to telephone messages that were relayed by an offshore radio telephone service by satellite between sites outside the United States and landline stations in the United States. The charge for the service varied only with elapsed transmission time. The ruling states that the legislative history of section 4252 indicates that prior to the amendment of section 4252 by section 302 of the Excise Tax Reduction Act of 1965, *1965-2 C.B. 568, 577-578*, "toll telephone service" was defined, in part, as a telephone or radio telephone message or conversation for which (1) there was a toll charge, and (2) the charge is paid within the United States, was taxed, and that in amending section 4252, Congress intended to exempt certain private communication services from the tax and repeal the tax on telegraph service and wire and equipment

service, but that there was no indication that Congress otherwise intended to make changes in the types of service subject to tax. Accordingly, the ruling holds that the service is toll telephone service notwithstanding that the charge for the service did not vary by distance. Thus, amounts paid for the service in the United States were subject to tax. This ruling is contrary to the language of the statute and the legislative history which requires that the excise tax apply only to toll telephone service whose rates are based on both duration and distance.

In *Rev. Rul. 79-405, 1977-2 C.B. 383,* the Service considered the applicability of the section 4251 tax to three types of long-distance service, each of which provided customized service among 15 cities. The carrier owned a network of microwave towers and terminals in each of the 15 cities.

In Service (1), the carrier provided a customer having business locations in two cities with an exclusive, private communication channel between those two locations. The service was provided by means of a microwave channel that was dedicated to the customer's exclusive use. In each city the customer's location was connected to the carrier's terminal by means of a wire connection the carrier leased from the local telephone company. In each city the line could be connected either to the customer's switchboard or individual telephone. When a customer's station in one city was connected to a telephone in a second city, the customer could only get access to that second telephone. However, when the customer's telephone located in the first city was connected with a switchboard in the second city, the calling party could be interconnected into the local telephone system of the second city. The customer paid a flat monthly rate for the service, and the carrier paid the local telephone company for the local wire connections between the carrier's terminals and the customer's telephone stations.

The ruling holds that when Service (1) connects two individual telephones in different cities that it does not come within the definition of local telephone service as the service does not provide local telephone service. However, the ruling holds that when Service (1) is used to connect with a switchboard in a second city, the customer is provided with local telephone service, but that since Service (1) consists of a private line that joins two stations belonging to a single customer, the service provides the customer with the use of an intercommunication system within the meaning of section 4252(d)(1)(B), and, as private communication service, is excluded from the definition of local telephone service because of the private communication service exception provided in section 4252(a). The ruling further holds that Service (1) is not within the scope of section 4252(b)(1) because the charge for the service is a flat monthly rate that does not vary with the elapsed transmission time of each call, and is not within the scope of section 4252(b)(2) because the service does not by itself provide the customer with the privilege of an unlimited number of telephonic communications to or from a substantial portion of the persons having telephone stations in a specified area that is outside the local telephone system area in which the customer's station is located. /2/

In Service (2), the carrier provided a customer that had stations in each of two cities with a direct connection between those stations using the carrier's facilities. However, the customer did not have a channel dedicated to its exclusive use, but instead shared a group of channels with all of the carrier's customers using the service in each of the two cities, access to which was provided on a "first come first served" basis. When a telephone was picked up in the first city, the calling party was automatically connected with the customer's telephone receiver in the second city, provided that one of the microwave channels was open. Because Service (2) only connected with a telephone, not a switchboard, the customer in one city only obtained access to its station in the second city, and not access to other telephone stations within the local telephone system in that city. The charge to the customer varied with the customer's time of usage, but a minimum usage charge applied against which calls were credited. The ruling holds that the service is not local telephone service because it does not provide a customer with access to a local telephone system. It further holds that because the distance of each individual communication using the service did not vary because the service only connected a customer's stations located in the two cities, the service did not vary in amount with the distance of each individual communication as is required by section 4252(b)(1). The ruling further holds that as the service did not provide the customer's stations with telephonic communications to or from all or a substantial portion of the telephones stations in an area outside the local calling area of the customer's station, it is not described in section 4252(b)(2).

In Service (3), the carrier provided a customer with long distance access between the cities served by the provider. The customer, upon dialing a local access number would hear a dial tone and could then dial a long distance number using the long distance provider's microwave channels. The customer would pay the local telephone company for the local call in the sending city to gain access to the long distance provider's facilities, and paid the carrier a monthly access charge, plus a charge that varies with the length, distance, and number of calls made. A minimum usage charge applied against which calls were credited. The ruling holds that the service is toll telephone service within the meaning of section 4252(b) (1) because the service is a long distance service for which the charge varies with the distance and time of each individual communication.

## D. LEGAL ANALYSIS

The taxpayer argues that the telephone services provided to it are not taxable for several reasons. First, the services provided to the taxpayer are not subject to the three percent federal excise tax because they are not "toll telephone service" as that phrase is defined in Section 4252(b) of the code as they are not subject to a toll charge that varies with time and distance.

Under Section 4252(b)(1) of the I.R.C., a service is a "toll telephone service" is there is a toll charge that caries in amount based upon the distance and elapsed transmission time of each individual communication. The charges for the services provided to the taxpayer do not vary with the distance of each individual communication. In fact, none of the pricing for the services to the taxpayer varies based upon the distance between the originating and terminating points of a call. To the contrary, all of the services to the taxpayer are billed at per-minute, "postalized" rates that do not vary with distance.

Second, the services provided to the taxpayer are not "toll telephone service" under Section 4252(b)(2) because they are not flat rated for unlimited usage over a set period of time. Section 4252(b)(2) provides that a service is a "toll telephone service" if the customer pays "a periodic charge (determined as a flat amount or upon the basis of total elapsed transmission time) for the privilege of making an unlimited number of calls to or from a specified area that is outside the local telephone system in which the stations used to make the calls are located." The legislative history of Section 4252(b)(2) makes it clear that Congress was seeking to bring within the scope of the excise tax a service then known as WATS (wide area telephone service), which the legislative history described as "a long-distance service whereby, for a flat charge, the subscriber is entitled to make unlimited calls (sometimes limited to the maximum number of hours. *See* H.Rep. No. 89-433, at 35; S.Rep. No. 89-324, at 30.

The services provided to the taxpayer so not fall within Section 4252(b)(2). First, the sersvies provided to the taxpayer do not permit it to make "unlimited calls" for a "flat amount" or "periodic" charge. Instead, the duration of each call that the taxpayer makes is measured, and the taxpayer pays an amount for each call that is equal to the duration of the call multiplied by the rate. "Periodic" means "having periods or repeated cycles," or "occurring or appearing at regular intervals." *See* Webster's II New Riverside University Dictionary (1988). Unless a customer uses exactly the same number of minutes of service each month, its long distance charges will not be a "flat amount." Similarly, while bills may arrive monthly, unless the taxpayer uses the same number of minutes each month, the charges will neither have "repeated cycles," nor appear a t "regular intervals." Whereas a WATS service would permit the taxpayer to make an unlimited number of calls for a fixed, agreed-upon total amount, the services provided to the taxpayer permit the taxpayer to make calls at an agreed rate at a cost that varies and is ultimately determined by the duration of the call and the number of calls.

Services to the taxpayer do not permit or require the taxpayer to select a specific geographical area within which (or to which) all calls are subject to the payment of a flat charge. Rather, all calls by the taxpayer are charged based upon the duration of the call and the agreed upon, postalized rate, without regard to the geographical origination, destination, or distance of the call. In Technical Advice Memorandum 2002-27-008, ¶9, the IRS acknowledged that Section 4252(b)(2), "is intended [by

Congress] to describe service commonly known as wide area telephone service or WATS" and analogized WATS "to traditional local telephone service wherein the subscriber pays a fixed monthly rate for an unlimited number of calls and the charge does not vary according to the length, destination, or number of calls." This clearly is not like the services to the taxpayer which are billed on a per minute, per call basis.

Third, the calls of the taxpayer between office locations are part of private communication service and exempt from taxation under section 4251. The taxpayer argues that section 4252 defines four services, local telephone service, toll telephone service, teletypewriter exchange service, and private communication service, and that section 4251 provides that only the first three of these services are taxed. Accordingly, the taxpayer argues that if services provided to them falls within the definition of private communication service provided in section 4252(d), it is exempt from taxation under section 4251, even if the service is also described in section 4252(b) as toll telephone service.

In support of its argument that the services provided to the taxpayer are described in section 4252(d) the taxpayer emphasizes that a virtual private network is the technological successor to a PBX, and that characteristics set out in the facts above make a virtual private network a private communication service that gives subscribers priority use to several channels, and the use of an intercommunication system for its stations. In support of its argument that toll telephone service that is described in section 4252(d) is exempt notwithstanding that it is also described in section 4252(b), the taxpayer emphasizes that the holding in Services (1) and (2) in *Rev. Rul. 79-405* exempted from taxation personalized, private communication service that was long distance telephone service, and that virtual private networks are the technological successors to the microwave systems found to be exempt in Rev. Rul. 79-405.

The taxpayer states that when it calls from its offices in one state to an on-net telephone station in another state (i.e., between two offices on the taxpayer's network) that the call is private communication service because the taxpayer is using an intercommunication system among its stations. Moreover, the taxpayer states that when it calls from its offices in one state to an off-net telephone station in another state (i.e., to a number other than that of one of the taxpayer's other offices) that the call is private communication service because the software architecture and the feature-rich routing make the call separate and distinct from regular toll telephone service and are thus a priority use. In this respect, the taxpayer argues that section 4252(a) references private communication service to make explicit that private communication service is not taxable as local telephone, but that section 4252(b) does not provide an exclusion for private communication service because at the time the communications excise laws were enacted, private communication service was limited to local areas, but that Section 4252(d) contemplates an interrelationship between private communication service and toll telephone service.

BRIAN R. PAPERNY
Vice President, Taxes

THEDIRECTVGROUP

CERTIFIED MAIL, RETURN RECEIPT REQUESTED
ARTICLE NO. ______________________

Internal Revenue Service
Cincinnati, Ohio 45999-0002

November 18, 2005

Re: DirecTV Group, Inc. and Subsidiaries
(formerly known as Hughes Electronics Corporation)
EIN: 52-1106564
Tax Year: 2005
Period of Claim: 3rd Quarter of 2005

Dear Sir or Madam:

Enclosed is Form 8849 (Claim for Refund of Excise Taxes) with Attachment. As discussed in the Attachment to Form 8849, we respectfully request a refund for communications excise taxes collected from DirecTV Group, Inc. and Subsidiaries pursuant to Section 4251 of the Internal Revenue Code.

If you need additional information or have any questions, please contact Bill Spina at (310) 964-0767. Thank you for your assistance in this matter.

Kindly acknowledge receipt of the enclosed by affixing your date stamp to the attached copy of this letter and returning it in the self-addressed envelope provided.

Sincerely,

Brian R. Paperny

Enclosures

cc: George Famalett, PricewaterhouseCoopers (with enclosures)
✓Todd Kelly, PricewaterhouseCoopers (with enclosures)

P.O. Box 956 2250 East Imperial Hwy El Segundo, CA 90245-0956 Phone: (310) 964-0737 Fax: (310) 964-0887 brian.paperny@directv.com

Form **8849** (Rev. February 2005)

Department of the Treasury—Internal Revenue Service

# Claim for Refund of Excise Taxes

OMB No. 1545-1420

Print clearly. Leave a blank box between words.

Name of claimant: DIRECTV GROUP, INC. & SUBSIDIARIES (formerly known as Hughes Electronics Corp.)

Employer identification number (EIN): 52-1106564

Address (number, street, room or suite no.): 2250 EAST IMPERIAL HIGHWAY

Social security number (SSN):

City and state or province. If you have a foreign address, see page 2.: EL SEGUNDO, CA

ZIP code: 90245

Foreign country, if applicable. Do not abbreviate.:

Month claimant's income tax year ends: 12

Daytime telephone number (optional): (310) 964-0737

**Caution:** *Do not use Form 8849 to make adjustments to liability reported on Forms 720 for prior quarters or to claim any amounts that were or will be claimed on* ***Schedule C (Form 720),*** *Claims,* ***Form 4136,*** *Credit for Federal Tax Paid on Fuels,* ***Form 2290,*** *Heavy Highway Vehicle Use Tax Return, or* ***Form 730,*** *Monthly Tax Return for Wagers.*

## Schedules Attached

Check (✓) the appropriate box(es) for the schedule(s) you attach to Form 8849. Only attach the schedules on which you are claiming a refund. Schedules 2, 3, and 5 cannot be filed with any other schedules on Form 8849. File each of these schedules with a separate Form 8849.

| | | |
|---|---|---|
| **Schedule 1** | Nontaxable Use of Fuels | ☐ |
| **Schedule 2** | Sales by Registered Ultimate Vendors | ☐ |
| **Schedule 3** | Alcohol Fuel Mixtures and Biodiesel Mixtures | ☐ |
| **Schedule 5** | Section 4081(e) Claims | ☐ |
| **Schedule 6** | Other Claims | ☒ |

**Sign Here**

Under penalties of perjury, I declare (1) that I have examined this claim, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete, and (2) that amounts claimed on this form have not been, and will not be, claimed on any other form.

Signature and title (if applicable): [signature] Date: 11/18/05

Type or print your name below signature. Brian R. Paperny, Vice President, Taxes

**For Privacy Act and Paperwork Reduction Act Notice, see instructions.**



ISA
STF FED8849F

**Schedule 6 (Form 8849)**
(Rev. February 2005)
Department of the Treasury
Internal Revenue Service

# Other Claims

▶ Attach to Form 8849.

OMB No. 1545-1420

| Name as shown on Form 8849 | EIN or SSN | Total refund (total of lines 1–5) |
|---|---|---|
| DirecTV Group, Inc and Subsidiaries(formerly known as Hughes Electronics Corp.) | 52-1106564 | $ 314,120 + INT |

Enter the earliest and latest **dates of the events** included in this claim. Enter in MMDDYYYY format.

Earliest date ▶ 07/01/2005 Latest date ▶ 09/30/2005

| Tax | Amount of refund | CRN |
|---|---|---|
| 1 COMMUNICATIONS EXCISE TAX REFUND CLAIM | $ $314,120 + INT | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

Use the space below for an explanation of each tax claimed.

For claims under section 6416(b)(2) relating to certain uses and resales of certain articles subject to manufacturers or retailers taxes, claimant certifies that it sold the article at a tax-excluded price, repaid the amount of tax to the ultimate vendor, or has obtained the written consent of the ultimate vendor to make the claim; and has the required supporting evidence.

THIS IS A REFUND CLAIM FOR COMMUNICATION EXCISE TAX PAID FOR THE 3RD QUARTER OF 2005. THIS CLAIM IS FOR $314,120 PLUS INTEREST. DIRECTV GROUP, INC AND SUBSIDIARIES RESERVES THE RIGHT TO AMEND THE AMOUNT OF THIS CLAIM.

## Instructions

*Section references are to the Internal Revenue Code unless otherwise noted.*

**Purpose of schedule.** Use Schedule 6 for claims not reportable on Schedules 1–3 and 5, including refunds of excise taxes reported on:

- **Form 720,** Quarterly Federal Excise Tax Return;
- **Form 2290,** Heavy Highway Vehicle Use Tax Return;
- **Form 730,** Monthly Tax Return for Wagers; and
- **Form 11-C,** Occupational Tax and Registration Return for Wagering.

**Caution:** *Do not use Schedule 6 to make adjustments to liability reported on Forms 720 filed for prior quarters. Use* ***Form 720X,*** *Amended Quarterly Federal Excise Tax Return. Also, do not use Schedule 6 to claim amounts that were taken or will be taken as a credit on Form 2290 or Form 730.*

**Claim requirements.** Generally, a claim must be filed within 3 years of the filing of the return to which the claim relates, or 2 years from when the tax reported on that return was paid, whichever is later.

**How to file.** Attach Schedule 6 to Form 8849. Mail it to the IRS at the address under *Where To File* in the Form 8849 instructions. If you attach additional sheets, write your name and taxpayer identification number on each sheet.

Form 8849 Attachment

Name of Claimant: DirecTV Group, Inc. ("Claimant")
Employer Identification Number: 52-1106564
Type of Return Filed: 720
Excise Tax: Communications Excise Tax
Period of Claim: July 1, 2005 through September 30, 2005
Income Tax Years: 2005
Amount to be Refunded: $314,120 plus interest (See last paragraph of this Attachment.)

This claim is for taxes collected from Claimant, whether directly or through its long distance provider, in connection with excise taxes on communications services (the "Communications Services Excise Tax") pursuant to Section 4251 of the Internal Revenue Code of 1986, as amended (the "Code"). Claim is also made for interest on the overpaid taxes.

Claimant's long distance provider(s) collected such taxes from Claimant on long distance telephone services. The charge for these services did not vary based on time and distance. To constitute a toll telephone service under Code Section 4252(b)(1), the charge for each individual communication must vary in amount with the distance and the transmission time of the individual communication. Thus, where the charges for the long distance telephone services do not vary in amount with the distance of the individual communication, the service does not constitute a toll telephone service within the meaning of Code Section 4252(b)(1). The service is also not a service described in Code section 4252(b)(2) because it did not entitle Claimant, upon payment of a periodic charge (determined as a flat amount or upon the basis of total elapsed transmission time), to the privilege of unlimited telephonic communications to or from a substantial portion of the persons in a specified area outside Claimant's local telephone system area. As a result, the service is not subject to the Communications Services Excise Tax.

Furthermore, Claimant's long distance provider(s) collected Communications Services Excise Taxes on its virtual private network ("VPN") services. Code Section 4251 does not impose the Communications Services Excise Tax with respect to "private communication services," within the meaning of Code Section 4252(d). VPN services qualify as "private communication services," and, as a result, these services are exempt from the Communications Services Excise Tax.

This claim for refund is consistent with the decision in *American Bankers Insurance Group v. United States,* U.S. Court of Appeals, Eleventh Circuit; 04-10720, May 10, 2005; and numerous other cases that have considered whether both distance and time sensitivity are required in order for a telecommunications transmission to constitute a taxable toll telephone service. See e.g., *Office Max v. United States*, 309 F.Supp.2d 984 (N.D. Ohio 2004); *National Railroad Passenger Corp. v. United States*, 338 F.Supp.2d 22 (D.D.C. 2004); and *Reese Brothers, Inc. v. United States*, No. 03-CV-745, (W.D.Pa. Nov. 30, 2004). It is inconsistent with Technical Advice Memoranda 79-404 (January 1, 1979), 9543002 (October 27, 1995) and 9524004 (March 9, 1995), but Claimant believes that the IRS's position in these Technical Advice Memoranda is incorrect.

The Communication Service Excise Tax is a collected tax. This claim is filed pursuant to Rev. Rul. 60-58, 1960-1 CB 638.

Due to the volume and nature of this claim, the relevant invoices and back-up documentation have not been included with the claim. They are available for review upon request. Please note that the exact amount of taxes has not yet been determined. Therefore, the amount of the claim is only an approximation. Claimant reserves the right to amend the amount of the claim.