No. 06-311 T
Honorable Judge Victor J. Wolski

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

THE DIRECTV GROUP, INC.,
Plaintiff,

v.

THE UNITED STATES

Defendant.

**MOTION FOR A PROTECTIVE ORDER**

Pursuant to RCFC 26(c)(7), Plaintiff The DirecTV Group, Inc., ("Plaintiff"), respectfully requests that this Motion for a Protective Order be entered by this Court, for the purpose of preserving and maintaining the confidentiality of certain information that may be disclosed by Plaintiff in the course of this litigation. In order to determine the amount of the overpayment of telephone excise taxes due to Plaintiff, Plaintiff must provide defendant United States of America ("Defendant") with Plaintiff's telecommunications agreements and documents that demonstrate that the tax was collected from Plaintiff. The rates, terms and conditions in the agreements and related documents are confidential and proprietary to Plaintiff and its telecommunications carriers.

Defendant United States has indicated that it does not object to this Motion for a Protective Order.

Plaintiff wishes to prevent the disclosure of the following documents outside of this litigation:

1. AT&T Master Service Agreement & Addendum, dated 8/7/2001;
2. AT&T Service Order Attachment for Voice/Data, dated 2/22/2002;
3. AT&T Service Order Attachment for Voice/Data, dated 10/9/2003;
4. AT&T Service Order Attachment for Intrastate Services, dated 10/9/2006;
5. AT&T Teleconferencing Agreement, dated 9/30/2002;
6. AT&T Service Order Attachment for OneNet, dated 12/23/2004;
7. AT&T Service Order Attachment for Intrastate, dated 12/23/2004;
8. Qwest Integrity Option E Agreement, dated 5/12/1999;
9. Qwest Master Services Agreement and Amendments, dated 2/3/2003;
10. Level 3 Master Service Agreement, dated 8/21/2005;
11. Verizon Application for Service, dated 4/24/2002;
12. AT&T Service Order Attachment, dated 7/30/2002.

Plaintiff does not object to the disclosure of the aforementioned documents to any expert retained by Defendant for purposes of this litigation or to any Internal Revenue Service personnel who may assist Defendant for excise tax payment verification purposes.

Plaintiff may disclose additional documents, in which case Plaintiff will submit an additional motion for entry of a supplementary confidentiality order, if those documents are deemed confidential and proprietary to Plaintiff and its telecommunications carriers.

Plaintiff shall mark "**PROTECTED INFORMATION ENCLOSED"** on the outside of any parcel containing the information. Each document containing protecting information shall be marked **"CONFIDENTIAL."**

Plaintiff agrees that Defendant may object to the designation of any of the documents under the Protective Order. Should the parties be unable to resolve the objection informally, the objecting party may submit the dispute to the Court for resolution. Until the Court resolves the dispute, the disputed document(s) shall remain subject to the Protective Order.

For the foregoing reasons, Plaintiff respectfully requests that this Court grant this Motion for a Protective Order.

Respectfully submitted,

By: /s/ Paul L. Kattas ______
Paul L. Kattas, Esq

**KELLEY DRYE & WARREN LLP**
200 Kimball Drive
Parsippany, New Jersey 07054

**Attorneys for Plaintiff**
**The DirecTV Group, Inc.**